# JOHN SCHAEFFER

### *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. DELINQUENT TAX—*lien.* Where personal property of a person is assessed in the town in which he resides, and his lands lie in and are assessed in another town, and the personal tax is not paid, a lien for that tax does not attach to the land in another town in the hands of a purchaser after the assessment and before the delinquency of the personal tax. In such a case the land is not delinquent.

2. The 14th section of the Revenue Law of 1853 declares that personal property shall be liable for taxes levied on real estate, and the latter shall be liable for taxes levied on personal property, but the land does not become liable for the personal tax unless it can not be collected from personal property, and that must be shown before judgment can be rendered against the real estate.

3. The 49th section of the same act makes personal property liable for tax on real property, but does not render real estate liable for the personal tax.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the plaintiff in error.

Mr. JOHN B. COHRS, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was commenced at the June term, 1870, of the county court of Tazewell county, by the treasurer of that county, on behalf of the people, to recover a judgment against delinquent lands and town lots on which taxes for the year 1869 remained due and unpaid; and among others, it was sought to obtain a judgment against certain lands then owned by the plaintiff in error, for the taxes assessed on the personal property of Henry Wilkey, for the year 1869, who was the former owner of the land, and who, at the date the taxes were so assessed on his personal property, resided in a different township from the one in which the lands were situated.

From the stipulation in the record, it appears that the cause was tried in the circuit court on an agreed state of facts, as follows:

"In this case it is agreed that a personal property tax of $75.87 was duly assessed by the assessor of Pekin township, Tazewell county, Illinois, for the year 1869, for State, county, town, school and dog tax, upon personal property of Henry Wilkey, situated in said township, and that the tax thereon not being paid, the same was duly returned as delinquent and unpaid, and that on the 1st day of December, A. D. 1869, said Wilkey was the owner of the north half of the southeast quarter of section 5, town 23 north, range 5 west of the third principal meridian, and the north half south half of the southeast quarter of the same section, in said Tazewell county, Illinois; and, at that date, said Wilkey conveyed the said premises to Lewis Bequeath, who, on the 17th day of January, conveyed

to C. G. Whitney, who, on the same day, conveyed to defendant in this case; and that all taxes upon said lands for the year 1869, assessed against said lands, were duly paid, as also all taxes for that year assessed against any of defendant's property; and the question presented for the determination of the court is, whether, under the 'statute,' there is a lien upon said land for the unpaid personal tax of the said Wilkey in another township than that in which said land is situated."

The proceeding to obtain judgment against lands and town lots for the taxes due thereon is a proceeding purely *in rem.* The judgment is not rendered against the owner by name, but against the property itself.

It is indispensable, to confer jurisdiction on the county court to enable that court to render any judgment, that the lands should be delinquent, that is, that the taxes assessed thereon under the revenue laws of the State, must remain due and unpaid. Such was not the case in regard to the lands against which judgment was sought. It is admitted that all the taxes for State, county and other purposes, assessed on the lands of the plaintiff in error for the year 1869, had been fully paid. In no legitimate sense, then, could the lands be said to be delinquent, certainly not in the sense in which that term is used in the statute. The land itself owed no tax to the State, county, or to any municipality whatever. By delinquent lands, it is understood to mean lands against which taxes have been assessed under the provisions of the laws, and which remain unpaid. It is only against such lands that the county court is authorized and empowered to render judgment.

It is insisted, however, that the 14th section of the act of 1853 creates a lien on real property for the tax assessed on the personal property of the owner. In that section it is provided that, "personal property shall be liable for taxes levied on real property, and real property shall be liable for taxes levied on personal property, but the tax charged on personal property shall not be charged against real property, except in

case of removals, or where said tax can not be made out of the personal property. "

It does not appear, from anything in the record, that Wilkey, on whose personal property the tax sought to be charged against the lands of the plaintiff in error was assessed, had removed from the county, or that the collector was unable to make the amount of the tax out of his personal property. Even if the construction contended for should be given to that section of the statute, the state of facts does not appear where it would be lawful to charge the land with the tax levied on personal property.

We do not think the statute will bear the construction sought to be given to it. By no fair construction of that section does it create any lien on the real property for the tax levied on the personal property of the owner, that can prevail against the rights of a subsequent purchaser. It is manifest that it was the intention of the legislature only to provide that, on the happening of a certain contingency, the real property should be " liable " for the tax levied on the personal property of the owner. Such is the only reasonable construction that can be given to that provision of the statute.

By the 49th section of the act of 1853, it is expressly provided that, "the assessment shall be a lien on the personal property of all persons owing taxes," but there is no express provision of law creating a lien on real property for the tax assessed on the personal property of the owner, and we are of opinion that no such lien is created by the 14th section of the act of 1853, as can be enforced against a subsequent purchaser without notice.

Whether the tax could properly have been charged on the lands, if Wilkey had continued to be the owner, it is not necessary for us to express an opinion.

In this view of the law, it was error in the circuit court to affirm the judgment of the county court, for which reason its judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Walker: I am unable to concur in the conclusion announced in this opinion. I think, under the revenue law, the personal tax was a lien on the real estate, and it was delinquent for that tax. I think the return of the collector should be held evidence that the owner had removed, or that the personal tax could not otherwise be collected.