The Mt. Carmel Light and Water Company

v.

The People ex rel. McNair, Sheriff.

*Filed at Mt. Vernon April 1, 1897.*

1. Taxes—*how far real estate may be charged with personal property taxes.* Real estate is not liable for taxes assessed against personal property except in the manner pointed out by statute.

2. Same—*construction of Revenue act as to charging real estate with personal tax.* Section 255 of the Revenue act, (Rev. Stat. 1874, p. 899,) which provides for charging real estate with personal taxes when they cannot be made out of the personal property assessed, contemplates an active effort by the collector to make the tax, and not merely a demand.

3. Same—*when judgment of sale against real estate for personal taxes will not be sustained.* A judgment of sale against real estate for personal taxes will not be sustained where the personalty assessed has not been removed from the collector's jurisdiction or disposed of, and no reason appears why it could not be taken to satisfy the tax. (*Shelbyville Water Co.* v. *People,* 140 Ill. 550, distinguished and explained.)

Appeal from the County Court of Wabash county; the Hon. Robert Bell, Judge, presiding.

W. K. Carlisle, for appellant.

M. H. Mundy, State's Attorney, (B. S. Organ, of counsel,) for appellee.

Mr. Justice Craig delivered the opinion of the court:

This is an appeal from a judgment of the county court of Wabash county, ordering a sale of certain real estate belonging to the appellant for the payment of taxes levied for the year 1896 on said real estate and on the personal property of appellant situated in that county. The taxes on the real estate amounted to the sum of $75.87, and the tax on the personal property amounted to $743.51. It appears that the collector of Wabash county charged the personal property tax to certain real estate owned by appellant, and in the appli-

cation for judgment sought to obtain judgment against the real estate for the taxes due on the real and personal property.

Section 170 of the Revenue law (Hurd's Stat. 1895, p. 1291,) provides: "If any town or district collector shall be unable to collect any tax on personal property charged in the tax book, by reason of the removal or insolvency of the person to whom said tax is charged, or on account of any error in the tax book, he shall, at the time of returning his book to the county collector, note in writing opposite the name of each person    *    *    *    the cause of failure to collect the same, and shall make oath that the cause of delinquency or error noted is true and correct, and that such sums remain due and unpaid, and that he has used due diligence to collect the same,—which affidavit shall be entered upon said collector's book and be signed by the town or district collector."

Section 255 provides as follows: "Personal property shall be liable for taxes levied on real property, and real property shall be liable for taxes levied on personal property; but the tax on personal property shall not be charged against real property, except in cases of removals, or where said tax cannot be made out of the personal property:    *    *    *    *Provided,* that judgment against real property for non-payment of taxes thereon shall not be prevented by showing that the owner thereof was possessed of personal property subject to distraint."

Section 183 provides: "When it becomes necessary to charge the tax on personal property against real property the county collector shall select for that purpose some particular tract or lots of real property owned by the person owing such personal property tax, and in his advertisement for judgment and sale shall designate the particular tract or lots of real property against which such personal property tax is charged, and in the list filed for judgment the same facts shall be shown, and the court shall take cognizance thereof, and give judgment

against such tract or lots of real property for such personal property tax."

These are the only sections of the statute pointed out in the argument as having any bearing on the question, and the question presented is, whether there was such a compliance with the statute as would authorize the collection of the personal property tax of appellant from its real estate.

It is admitted by appellant that everything required by the above sections of the Revenue law was complied with. It was conceded that the delinquent tax list was published as required by law, and due notice given that application would be made for judgment. It was also conceded that due notice had been given of the time and place the collector would be in each precinct of the county for the collection of taxes, as required by law.

On the hearing the collector made the following admissions: That the personal property assessed as the property of the defendant has not and had not been removed, and is in Wabash county; that the collector made no attempt to collect said taxes off personal property, except by demanding payment of the same from the defendant; that the only reason the personal property had been added to the real property tax and charged to real estate was, that said personal property tax had not been paid; that he had been duly tendered by the defendant the amount of the real estate tax assessed against the real estate, and that he refused to receive the same except on account and as a credit, and the full amount of said taxes, both real and personal.

From the facts appearing in the record it appears that the personal property of appellant which was assessed for the tax in question remained in Wabash county, and could have been taken by the collector for the tax due thereon if he had desired to do so, but no effort whatever was made by the collector to collect the tax from personal property. He demanded the tax, but did nothing

more. We do not regard that as such a compliance with the statute as would authorize the collector to charge the personal property tax against real estate. Real estate cannot be arbitrarily charged with taxes assessed on personal property. Lands are not liable for taxes assessed on personal property, and they cannot be made liable unless in the mode provided by the statute. As has been seen, section 255 of the Revenue law in express terms declares that "the tax on personal property shall not be charged against real property, except in cases of removals, or where said tax cannot be made out of the personal property." Under this statute, if the personal property has been removed beyond the jurisdiction of the collector, so that it cannot be seized by him after he has received his warrant authorizing collection, then resort may be had to real estate; or if the personal property has been disposed of by the owner so that it cannot be reached by the collector, or if, for some other legitimate reason, the tax cannot be made out of the personal property, then resort may be had to the real estate. But here no reason whatever was shown or attempted to be shown why the collector did not seize the personal property of the appellant and make the taxes from such property. The personal property of appellant assessed for the taxes in question had not been sold or removed from Wabash county, and so far as appears it could have been taken by the collector and sold in satisfaction of the tax, and it was the duty of the collector to do so before undertaking to charge the tax upon real estate.

Appellee has cited and relies upon *Shelbyville Water Co.* v. *People,* 140 Ill. 545, as an authority sustaining his position. Upon an examination of that case it will be found that it does not by any means sustain appellee's position. There the town collector made a return in his delinquent list under oath, as provided in section 170, showing, in substance, that the person owing the tax refused payment and he could find no available property upon which

he could levy. It was held that sections 170 and 255 should be construed together; that the right of the collector to charge a personal property tax on land is not confined to cases of removal or insolvency of the delinquent, but applies to all cases where the personal tax cannot be made out of the personal property. Under the facts as they existed in that case it was properly held that the land was chargeable with the personal property tax. But here the facts are so different that the ruling there does not apply.

Section 255 of the Revenue law was before this court in *Schaeffer* v. *People*, 60 Ill. 179, and it was there held that the land does not become liable for the personal tax unless it cannot be collected from personal property, and that must be shown before judgment can be rendered against the real estate.

Under the facts as they appeared in the county court we do not think the judgment was authorized. The judgment of the county court will be reversed and the cause remanded.                                    *Reversed and remanded.*