JAMES C. KING

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1901.*

1. TAXES—*burden of showing tax to be invalid is upon the objector.* On application for judgment of sale against real estate for a delinquent personal property tax for the preceding year, the burden of disproving the collector's *prima facie* case by showing that the objector was not a resident within the jurisdiction of the assessor and had no personal property there subject to taxation at the time such tax was assessed is upon the objector.

2. SAME—*when assessor's return is not void for failure to designate personal property assessed.* An assessor's return of personal property

in a gross sum is not void because the property assessed is not specifically designated, where it does not appear from the record that the assessor was able to ascertain the exact nature of the property, since, if unable to do so, he is authorized, under section 24 of the Revenue act, to list such property according to his best judgment and information.

3. SAME—*when personal property tax may be extended against real estate.* Under section 255 of the Revenue act a delinquent personal property tax is properly extended against real estate, where the collector's return shows that no personal property could be found out of which such personal property tax could be made.

APPEAL from the County Court of Cook county; the Hon. R. S. FARRAND, Judge, presiding.

GEORGE N. STONE, for appellant.

EDWIN W. SIMS, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal by James C. King from a judgment rendered in the county court of Cook county ordering certain real estate in the city of Chicago belonging to him sold to satisfy his unpaid personal taxes of the year 1899. The assessor for the year 1899 assessed appellant on his personal property in the gross sum of $40,000, designating his residence as "Sherman House," in the city of Chicago, and upon this assessment a tax of $2536 was levied. The tax was not paid, and the county collector for the year 1899 returned the warrant as required by law, endorsed "no property, added to real estate in warrant of 1900." The tax collector holding the warrants for the year 1900 finding the personal tax of the previous year still unpaid, extended it against the lands in question. Not being paid, he returned the lands as delinquent and included them in his application for judgment and sale. Upon the application for judgment eleven objections were

filed thereto by appellant, the substance of them being, that the tax was arbitrarily and fraudulently assessed against appellant and without his knowledge; that he was not, on April 1, 1899, a resident of this State; that he did not own any personal property in this State subject to taxation, and that the assessor made no attempt to make a correct assessment against him. The court overruled the objections and entered judgment ordering sale. To reverse that judgment this appeal is prosecuted.

The chief points raised below and again insisted upon here are, that the appellant was not a resident of Chicago but was a resident of California on April 1, 1899, when the assessment was made, and that he had no personal property here subject to assessment. The two witnesses introduced by appellant's counsel for the purpose of proving these facts appeared to have had no positive knowledge as to appellant's residence when the personal tax was assessed, and no proof whatever was introduced as to whether he had personal property in Chicago subject to assessment. Appellant himself did not testify. As the evidence of the witnesses who did testify proved nothing in support of the objection, it cannot be held to impeach the return of the assessor.

Counsel for appellant seems to contend that the burden is upon the collector to show that appellant was a resident within the jurisdiction of the assessor and had property there subject to taxation. The county collector made a *prima facie* case, showing facts sufficient to support his application for a judgment against appellant's lands, and the burden thereupon shifted to appellant to disprove such *prima facie* case, and this, we think, he clearly failed to do.

The contention that the return of the assessor was void because the personal property constituting the assessment was not specifically designated is without force. From anything that appears in the record the assessor may have been unable to ascertain the exact nature of

the property and fixed the assessment according to his best judgment and information, as he was authorized to do under section 24 of the Revenue act. (Hurd's Stat. 1899, p. 1396.) Moreover, this objection does not go to the substantial justice of the tax, and is therefore of no consequence. Section 191 of the Revenue act (Hurd's Stat. 1899, p. 1426,) provides that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof."

It is also contended that the law does not authorize the extension of the personal tax against real estate. The statute expressly provides (Hurd's Stat. 1899, chap. 120, sec. 255): "Real property shall be liable for taxes levied upon personal property * * * in cases of removals, or where said taxes cannot be made out of the personal property." The collector's return shows that no personal property could be found out of which to collect the tax, and hence it was properly extended against the real estate. Furthermore, this point was not made upon the hearing in either of appellant's objections, and cannot, for that reason, be considered for the first time upon appeal.

Other points are urged by appellant, but they also appear not to have been included in the objections and are without substantial merit, none of them going to the "substantial justice of the tax."

Our examination of the record discloses no error in the proceedings below. The judgment of the county court will be affirmed.             *Judgment affirmed.*