THE PEOPLE *ex rel.* Charles S. Tyler, County Collector, Appellee, *vs.* GEORGE SCHEIFLEY, Appellant.

*Opinion filed December 21, 1911.*

1. TAXES—*farm may lie in more than one township or county.* A farm may consist of any number of acres in fields or government subdivisions, and may lie in one township or county or in more than one; but the mere fact that different tracts of land owned by the same person are managed together as parts of one system, for stock or grain raising, does not necessarily make them a single farm.

2. SAME—*when personal property on farm is to be listed where the farm lies.* Where the owner of live stock or other personal property connected with a farm does not reside on the farm, such property is to be listed and assessed where the farm is situated.

3. SAME—*rule where tracts in different counties are managed as one farm.* Where a single tract of land comprising a farm lies partly in one county and partly in another, the personal property is to be listed and assessed in the county where the part of the farm on which the owner resides is situated; but personal property on another of his tracts of land in the other county, lying several miles from the home farm and having separate farm buildings, must be listed and assessed where such land is located, even though it is managed with the home farm as one system.

4. SAME—*what is valid objection to jurisdiction unless waived.* On application for judgment and order of sale for taxes, an objection that no copy of the paper containing the delinquent list was filed and presented to the court at the time the judgment was prayed for is a valid objection to the jurisdiction of the court; but such an objection is waived by appearing and urging general objections going to the merits.

5. SAME—*statute must be followed in order to charge personal property tax upon land.* The Revenue law expressly provides that personal property taxes shall not be charged against real estate except in case of removals or where the tax cannot be made out of personal property, and the statute provides the method by which those facts shall be shown, and unless they are shown no judgment can be rendered against the real estate.

6. SAME—*local tax collector must note cause of failure to collect, opposite delinquent's name.* The statute requires the town or district tax collector who fails to collect a personal property tax to note on his book, at the time he returns the same, opposite the name of the person charged with the tax, the reason for his failure to collect the tax; and he must also make oath that the cause of delinquency is true, that the tax remains due and unpaid and that he has used due diligence to collect the same, and the affidavit must be signed by him and entered upon his book.

7. SAME—*what is not a compliance with statute as to charging personal property tax on land.* A general affidavit pasted in the back of the collector's book is not sufficient to satisfy the requirement of the statute relative to charging personal property tax upon land, where there is no notation in the book opposite the name of the person charged with the tax and there is no statement in the affidavit that the cause of the delinquency is true and correct.

APPEAL from the County Court of Hancock county; the Hon. J. ARTHUR BAIRD, Judge, presiding.

VOSE & CREEL, for appellant.

CLYDE P. JOHNSON, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Hancock county presented to the county court of said county his application for judgment against eighty acres of land in that county and order of sale for the personal property tax of appellant, George Scheifley. Appellant filed objections, which were overruled and a judgment was entered, from which he appealed.

The appellant was the owner of a farm of two hundred acres on which he lived with his family on April 1, 1910,

ninety acres being in McDonough county, on which the dwelling and farm buildings were situated, and the remainder lying in Hancock county. He also owned three tracts of land four or five miles west of the farm in Hancock county, including the eighty acres in question, and containing three hundred and twenty acres in all; and also two other tracts in McDonough county about three miles east of the home farm, containing about three hundred acres. The entire eight hundred acres situated in the two counties were farmed, managed and controlled by the appellant, and the work was done by men employed by the year, month or day. The home farm was mostly pasture land and the grain raised on the other tracts was partly fed there. On the land in Hancock county there were three dwelling houses, where the hired men lived. Sometimes grain was stored on the land where it was raised and sometimes it was transferred from one place to another, and some was fed at each place. On April 1, 1910, appellant had about 800 bushels of corn on the land in Hancock county. The township assessor made no assessment of the corn and returned his book to the county treasurer, who was the supervisor of assessments. The county treasurer, without the knowledge of the appellant and without notice to him, filled up a schedule provided for returns of property by owners of the same with the name of the appellant, and put down 3700 bushels of grain of the cash value of $1560 and the assessed value of $520. The schedule was not signed by anyone, but the county treasurer signed the jurat that it was subscribed and sworn to before him on June 1, 1910. Taxes were extended on the assessment, and the collector returned his book to the county treasurer with this personal property tax delinquent.

It is contended by appellant that the entire eight hundred acres constituted a single farm, and that all personal property on any of the tracts should have been assessed to him at his home place, in McDonough county. A farm

may consist of any number of acres in fields or government subdivisions, and may lie in one township and county or in more than one. (*People* v. *Caldwell,* 142 Ill. 434.)    It is, perhaps, not essential that all the tracts should adjoin each other if they are not provided with separate farm buildings but constitute practically a single farm.   On the other hand, the fact that different tracts of land owned by the same person are managed together as parts of one system, for the raising of stock or grain, does not make them a single farm.   Personal property is to be listed and assessed in the county, town, city, village or district where the owner resides, but when the owner of live stock or other personal property connected with a farm does not reside thereon, the same is to be listed and assessed in the town or district where the farm is situated.   In this case the lands in Hancock county, four or five miles from the farm on the county line, with separate farm buildings, were not a part of the home farm.   The personal property on the home farm was properly assessed in McDonough county although the farm was situated partly in Hancock county, but personal property located on the separate lands in Hancock county on April 1, 1910, was subject to assessment there.

The record, however, will not sustain the judgment against the real estate for the tax on the personal property. The appellant objected to the admission in evidence of the judgment, sale, redemption and forfeiture record and questioned the sufficiency of the evidence to authorize a judgment.   One objection was, that no copy of the paper containing the delinquent list was filed and presented to the county court at the time the judgment was prayed for. This is a valid objection to the jurisdiction of the court unless waived by appearing and defending on the merits. (*People* v. *Owners of Lands,* 82 Ill. 408; *McChesney* v. *People,* 174 id. 46.)    But the appellant, by entering his appearance and urging general objections, waived the right

to object to the sufficiency of notice. *People* v. *Dragstran*, 100 Ill. 286.

The Revenue law expressly provides that the tax on personal property shall not be charged against real property except in case of removal or where the tax cannot be made out of personal property. That must be shown before judgment can be rendered against the real estate. (*Schaeffer* v. *People*, 60 Ill. 179; *Mt. Carmel Light and Water Co.* v. *People*, 166 id. 199.) The Revenue act provides the method by which that fact shall be shown. The provision is, that if any town or district collector shall be unable to collect any tax on personal property charged in a tax book by reason of the removal or insolvency of the person to whom the tax is charged, he shall, at the time of returning his book to the county collector, note in writing opposite the name of such person charged with a tax the cause of failure to collect the same. He must also make oath that the cause of delinquency is true and correct, that the tax remains due and unpaid and that he has used due diligence to collect the same, which affidavit shall be entered upon the collector's book and be signed by the town or district collector. It was necessary to show a compliance with the law in order to charge the personal property tax against the real estate, and it was not shown. There was a general affidavit pasted in the back of the collector's book, but there was no compliance with the requirement of a notation opposite the name of the person charged with the tax, and the affidavit did not state that the cause of delinquency was true and correct. So far as appears from the record there was personal property of the appellant from which the tax might have been made.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*