THE PEOPLE *ex rel.* Orlin G. Holmes, County Collector, Appellee, *vs.* O. B. GRANT, Appellant.

*Opinion filed February 16, 1916.*

1. TAXES—*a board of review cannot make assessment of personal property in a lump sum.*  A board of review, in making an assessment, is required to make a list of the property assessed, setting down in the column opposite the separate kinds of property the assessed value thereof, and it has no authority to assess a lump sum as the value of all the property, without any designation as to the character or kind of the same.

2. SAME—*what must be shown by collector's return in order to charge a personal tax against land.*  In order to charge a personal property tax against real estate it is essential that the collector note, in writing, opposite the name of the person charged with the tax, the cause of his failure to collect it, and he must make oath that the cause of the delinquency is true and correct and that he has used due diligence to collect the tax.

APPEAL from the County Court of Crawford county; the Hon. DUANE GAINES, Judge, presiding.

NEWLIN, PARKER & NEWLIN, for appellant.

JOSEPH B. CROWLEY, State's Attorney, for appellee.

Per CURIAM: This is an appeal from a judgment of the county court of Crawford county overruling objections of appellant to a personal tax assessed against him by the board of review of said county amounting to $243.58.

The evidence showed that appellant resided with his daughter in a county adjoining Crawford. He was assessed on personal property at a valuation of $11,820 for

the year 1914 and also on the same valuation for personal property omitted in the year 1913. Several objections are made to the validity of the action of the board of review in making the assessment, but it will only be necessary to notice two of them. There is no proof that the appellant owned any personal property of any kind or character in Crawford county and the tax was charged against real estate in that county, which the court, upon application of the collector, ordered sold for the payment of the tax. A copy of a page from the collector's book in the record shows an assessment against appellant of property of an equalized value in the sum of $3940. There is written at the top of the column ruled for district road tax, "Omitted tax and interest 1913, $131.30," and just above the amounts of the various taxes extended against the equalized value is written the following: "Attach to real estate n ½, n-w ¼, section 13, t. 8, r. 14 w at page 33 line 31 this record." The total tax carried out is $243.58. A copy of another page from the collector's book shows the eighty-acre tract of land above described was assessed to appellant, the total tax extended against it being $32.15. In the line describing the tract of land and giving the amounts of the various taxes extended against it is written, "Attach personal taxes to the amount of $243.58 at page 90, line 1, of this record."

One of the objections to the judgment was that the property assessed was entered on the tax books in a lump sum, and neither on the tax books nor in any list filed was it mentioned or designated what the property consisted of, and if it consisted of more than one kind of personal property what the different kinds of property were that made up the total valuation of $11,820. It was held in *Carney* v. *People,* 210 Ill. 434, *Holt* v. *Hendee,* 248 id. 288, and *Weber* v. *Baird,* 208 id. 209, that the board of review in making assessments is required to make a list of the property assessed, setting down in the column opposite the separate kinds of property the assessed value thereof, and that

it has no authority to assess a lump sum as the value of all the property without any designation as to the character or kind of it. These requirements were not here complied with by the board of review.

Another objection is that the return of the town collector as to his failure to collect the tax and the reason for such failure was not sufficient to comply with the requirements of the statute relative to charging a personal property tax against land. Section 170 of the Revenue act provides what shall be shown by the collector's return in such cases. The only thing shown by the collector as to uncollected personal taxes on personal property is in an affidavit contained in the collector's book, and merely shows that he has been unable to collect the personal taxes, in a detailed statement made by him and filed with the county collector, and asks credit for the several amounts so charged. Immediately following these statements is a line, referring to no page, book or owner, in which various taxes are extended, one item of which is, "tax omitted and interest 1913, $131.30." The total carried out is $243.58. The statute requires, and this court has held, that the collector must note in writing opposite the name of the person charged with the tax the cause of his failure to collect it; that he must make oath that the cause of the delinquency is true and correct and that he has used due diligence to collect the tax. These requirements are necessary to charge a personal property tax against real estate. They were not complied with so far as the record in this case shows. *People* v. *Scheifley*, 252 Ill. 486.

For the reasons stated the two objections herein mentioned should have been sustained, and the judgment of the county court is reversed.          *Judgment reversed.*