(No. 19225.—)

THE PEOPLE *ex rel.* Thomas A. Ferguson, County Collector, Appellee, *vs.* THE NATIONAL PLATE GLASS COMPANY, Appellant.

*Opinion filed December 20, 1928.*

RICHOLSON, ARMSTRONG & O'MEARA, for appellant.

RUSSELL O. HANSON, State's Attorney, and LESTER J. HORAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the judgment of the county court of LaSalle county overruling objections of appellant to the application of the county collector of that county for judgment and order of sale for delinquent taxes for the year

1927. The total amount of the tax objected to was $34,-618.91. The court, after making certain rebates on county and road and bridge taxes, entered judgment for $24,562.38 for delinquent taxes.

Appellant's first objection is, that while the assessor of the town of Ottawa fixed the assessed value of appellant's personal property on a one-half basis at $324,270 and its real estate on that basis at $216,000, or a total value of $648,540 personalty and $432,000 realty, the board of review raised the assessment of appellant's personal property to $474,270 one-half value or a full value of $948,540, and its real estate to $1,014,715 one-half value or $2,029,430 full value, and made such raise in lump sums, without specifying the character of property as to which the raise was made. Owing to the amendment of the Revenue law in 1927 by which assessments are required to be extended on the full value of property and the rate of tax fixed at one-half the previous rate, the tax was extended against the full value of appellant's property as found by the board of review and at one-half the rate previously levied. This objection questions the right of the board to levy a lump sum assessment against appellant's property without designating the particular property as to which the assessment is raised.

The tax books offered in evidence showed as to appellant's personal property that the assessor had assessed at full value five horses at $400, thirty steam and gasoline engines and boilers at $100,000, one safe at $40, seven automobiles at $1500, merchandise on hand at $15,000, material and manufactured articles at $40,000, tools, implements and machinery at $420,000, diamonds and jewelry at $3000, office furniture at $1000, and all other property not otherwise listed at $67,600, making a total full value of $648,540, or a one-half value of $324,270. The assessor's books also show that the board of review, without changing any of the items in the schedule of assessments, inserted under the column headed "Value as fixed by county board of review

where individual assessments have been changed," the sum of $474,270, and in the column headed "Final value as fixed by county board of review," the sum of $948,540. The assessor's books as to real estate show full value of improved lands characterized as "sand land," $90,000; full value of improvements, $342,000; full value of improved lands and improvements, $432,000; assessed value at one-half full value, $216,000; full value of unimproved land, $4300; assessed value at one-half, $2150. The board of review, without changing any of the items as to improved or unimproved lands or improvements, inserted under the head "Total value by board of review," the sum $1,014,715, and in the column headed "Total assessed value by board of review 1927," the sum of $2,029,430.

It is evident that no attempt was made by the board of review to change the values of the various items of either real or personal property but that the assessments were made in lump sums. The board has power, under section 35 of the Revenue act, (Cahill's Stat. 1927, p. 2131,) to increase the valuation placed by assessors on property described in the schedule appearing on the assessor's books. Section 37 of that act provides: "Whenever the board of review shall decide to reverse or modify the action of the supervisor of assessments or board of assessors, or county assessor, or the assessment in any case, or to change the list as completed, or the assessment or description of any property in any manner, they shall cause the changes to be made at once and entered upon the assessment books." Under this section it became the duty of the board to make such changes on the assessor's books as would show the action taken by it. If it determined that the valuation placed by the assessor on any one or more of the articles or classes of property listed in the schedule was too low, it became its duty, under section 37, to fix and determine the cash value of that property and to change the valuation of such article or class of property, in the appropriate column in the as-

sessor's books, to an amount which in the judgment of the board represented the true value of such article or class of property owned by appellant. (*Weber* v. *Baird,* 208 Ill. 209.) The board in making assessments is required to make a list of the property assessed, setting down in the column opposite the certain kinds of property the assessed value thereof. The board has no authority to assess a lump sum as the value of all the property without any description of the character and kind of it. (*People* v. *Grant,* 271 Ill. 523; *Holt* v. *Hendee,* 248 id. 288; *Carney* v. *People,* 210 id. 434; *Weber* v. *Baird, supra.*) The record shows that such was attempted in this case. Counsel for appellee do not contend that it was done, but argue that because appellant paid the taxes levied on one-half the valuation fixed by the board, which is more than the amount fixed by the assessor, it is estopped to question the method used by the board in fixing such valuation. This contention can not be sustained. The fact that a tax-payer pays more than he is required by law to pay does not estop him from objecting to the legality of an assessment as to that part remaining unpaid. The board having no authority to fix a lump sum assessment against appellant's property, the original assessment made by the assessor was the legal one, and appellant has paid all and more than it is required by law to pay. This being true, the court erred in overruling the objections of appellant to the unpaid portion.

Numerous other objections to the assessment and the action of the board of review are raised, but as the above objection is decisive of the case it is not necessary to consider the other objections.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections of appellant to the application for judgment for the unpaid portion of the tax.

*Reversed and remanded, with directions.*