(No. 21754.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE CALUMET STEEL COMPANY, Appellant.

*Opinion filed February 23, 1933.*

C. THOMAS HANLEY, for appellant.

LEE R. LAROCHELLE, SAMUEL F. BLOCK, and ELMER F. WALSH, (WILLIAM B. WALRATH, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

An action of debt was brought in the circuit court of Cook county in the name of the People of the State of Illinois against the Calumet Steel Company to recover $4709 taxes for the year 1930, levied and extended against its personal property. The defendant pleaded *nil debet.* The cause was tried by the court without a jury and a judgment for the amount of the tax was rendered against the defendant, from which it has appealed.

The appellant's seventeen assignments of error resolve themselves in its brief into the three propositions that the People failed to make out a *prima facie* case; that the

board of review made a lump sum assessment without authority of law; and that the assessed valuation of its property should have been thirty-seven per cent of its full value, in uniformity with the equalized value of other property throughout the State.

The action was brought under section 230 of the Revenue act, which authorizes the county board to begin an action of debt in the name of the people against any person, firm or corporation for the recovery of any personal property tax due from such person, firm or corporation, and provides that in any such suit for the recovery of personal property tax, the return of the county collector that such taxes are delinquent shall be *prima facie* evidence that such taxes are due and unpaid, but the fact that such taxes are due and unpaid may be proved by other competent evidence. The evidence for the plaintiff consisted of the assessment roll showing the assessment against the property of the appellant, the warrant issued to the town collector of the town of Bloom for the collection of taxes extended on the assessment, and the return of the town collector on May 15, 1932, showing the taxes unpaid. The action was begun on June 6, 1932, and there was no other evidence that the taxes were due and unpaid. This was insufficient. In *Carney* v. *People,* 210 Ill. 434, it was held that it was the return of the county collector, only, and not that of the town collector, which was made *prima facie* evidence that the taxes were due and unpaid. That case was an action under section 230, as this case is, and decided that it was error to hold in such an action that the return of the town collector was *prima facie* evidence that the taxes were due and unpaid. It was said in the opinion of the court: "That section [230] provides that the return of the county collector that taxes are delinquent shall be *prima facie* evidence that they are due and unpaid. But the fact may be proved by other competent testimony. Section 169 provides for a return by the town collector with a detailed

statement of the taxes he has been unable to collect, and section 181 provides that county collectors shall then have the same powers and proceed in the same manner with the collection of taxes on real or personal property as the town collector. Section 144 provides that the county treasurer shall be *ex-officio* county collector, and section 231 provides for a return by the county collector to the county clerk, with a statement in writing setting forth in detail the name of each person charged with a personal property tax which he has been unable to collect. The taxes are finally delinquent when the county collector has failed to collect them by some of the methods provided by the statute, and it is his return that is made *prima facie* evidence that the taxes are due and unpaid. The testimony of the witness from the county treasurer's office added nothing to the book, as what it showed was apparent without his testimony. If the return of the county collector is not in evidence, the liability may be shown by proving the assessment, the extension of the taxes and their non-payment. (*Ottawa Gas Light Co.* v. *People,* 138 Ill. 336.) The evidence was not legally sufficient to authorize a judgment."

The appellant contends that the board of review arbitrarily entered the valuation of $85,000, making a lump sum assessment of the value of all its property and failing to list, classify and value it, setting down in columns opposite the various kinds of property the assessed value thereof. The evidence shows that the assessment roll was made up from the field book, which was introduced in evidence. No itemized schedule appears to have been delivered to the assessor by the appellant, the entry opposite its name being, "All personal property, $50,000," with no indication of the kinds of property. All that appears on the assessment roll after the appellant's name is under the heading "Grand total full value, dollars 50,000;" under the heading "Total assessed value by board of assessors, dollars, 50,000;" under the heading "Total assessed value as cor-

rected by board of review, dollars, 85,000." Under the headings of the various columns indicating the various kinds of personal property there is nothing. A complaint against the assessment as being too low was filed by the board of review on June 29, 1931, specifying the description of property, "iron and steel." A notice was issued on September 21 of a hearing on September 28, and on the latter date there was a hearing and a decision raising the total assessed value as corrected by the board of review to $85,000. The only record of this change is the entering of these figures on the assessment roll under the heading, "Total assessed value as corrected by board of review."

The manner in which the board of review must proceed in raising the assessor's valuation of property and the record required to be made of its action are stated in *People* v. *National Plate Glass Co.* 332 Ill. 599. In that case the assessor had assessed various kinds of personal property in separate items, as follows: Horses, steam and gasoline engines and boilers, safe, automobiles, merchandise on hand, material and manufactured articles, tools, implements and machinery, diamonds and jewelry, office furniture, and all other property not otherwise listed, all the items making a total valuation of $648,540, or one-half value of $324,270. The assessor's books also showed that the board of review, without changing any of the items in the schedule of assessments, inserted under the column headed "Value as fixed by county board of review where individual assessments have been changed," the sum of $474,270, and in the column headed "Final value as fixed by county board of review," the sum of $948,540. It was evident, the opinion states, that no attempt was made by the board of review to change the values of the various items of either real or personal property but that the assessments were made in lump sums. The board has power, under section 35 of the Revenue act, to increase the valuation placed by assessors on property described in the sched-

ule appearing on the assessor's books. It was held that under section 37 of the Revenue act it was the duty of the board to make such changes on the assessor's books as would show the action taken by it. If it determined that the valuation placed by the assessor on any one or more of the articles or classes of property listed in the schedule was too low, it became its duty, under section 37, to fix and determine the cash value of that property and to change the valuation of such article or class of property, in the appropriate column in the assessor's books, to an amount which in the judgment of the board represented the true value of such article or class of property owned by appellant. The board in making the assessments is required to make a list of the property assessed, setting down in the column opposite the certain kinds of property the assessed value thereof. The board has no authority to assess a lump sum as the value of all the property without any description of the character and kind of it. This decision is supported by the citation of the following previous decisions of the court: *Weber* v. *Baird,* 208 Ill. 209; *People* v. *Grant,* 271 id. 523; *Holt* v. *Hendee,* 248 id. 288; *Carney* v. *People, supra.*

The board of review having no authority to fix a lump sum assessment against the appellant's property, the increase of the assessment was held void in *Holt* v. *Hendee, supra.* The appellant did not list any personal property for taxation in Lake county during 1909 and previous years. At its session in 1909 the board of review caused him to appear before it, and upon his refusal to list his personal property made an original assessment of $75,000 under the item "All other personal property required to be listed," and thereon fixed the value of the appellant's personal property at $25,000 and entered this assessment upon the assessment books of the town of Shields. The appellant claimed that he was not a resident of the town of Shields or the State of Illinois on April 1, 1909, but was a resident of

California, and that the board of review made the assessment in a lump sum and did not specify the kind or kinds of property assessed. After reviewing the evidence on the question of residence it was held in the opinion of the court that the defendant was a resident of Lake county. In regard to the other objection, it appeared from the evidence that the assessment of $75,000, full value of property, was placed by the board of review under the item "All other personal property required to be listed" in the schedule, which was filled out and placed on the assessment books under the same item. It was held that the board of review in making assessments is required to proceed as an assessor would, and to make a list of property assessed, setting down in the column opposite the separate kinds of property the assessed value thereof, and it is said in the opinion that "the thirty-sixth class under said section 25 of the Revenue act is, 'all other property required to be listed.' The presumption necessarily arises that the assessment by the board of review in this case was an assessment of property not included in any of the kinds of property enumerated in the first thirty-five classes," and it was incumbent upon the appellant to show that he did not own any property falling within the thirty-sixth class, or if he did own any such property, that the valuation thereof by the board of review was excessive and fraudulently and dishonestly made. The evidence failing to disclose any such situation, it was held that the appellant was not entitled to the relief he sought. The assessment in that case was sustained because of the record made by the board of review placing the assessment under the item "All other personal property required to be listed." The decision is not, therefore, applicable here or at variance with the conclusion that in this case the increase of the assessment was void. Here the record does not show an assessment by the board of any particular class of property or increase of the assessment of any particular articles or classes of property assessed by

the assessor. *Holt* v. *Hendee* is not in conflict with the other decisions which hold that a lump sum is invalid but is in harmony with them.

It is unnecessary to consider the third objection of the appellant.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*