(No. 22119.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
THE CALUMET STEEL COMPANY, Appellee.

*Opinion filed February 23, 1934.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N.
BELL, MANUEL E. COWEN, ROBERT S. CUSHMAN, and
JACOB SHAMBERG, of counsel,) for appellant.

C. THOMAS HANLEY, (JOHN J. GRIFFIN, of counsel,)
for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

An action of debt, in the name of the People, was
brought in the circuit court of Cook county against the
Calumet Steel Company, a corporation, to recover $4709,
the general taxes levied and extended upon an assessment
of its personal property in the town of Bloom, in Cook
county, for the year 1930. The defendant interposed the
plea of *nil debet.* Upon a trial by the court without a jury,
judgment was rendered for the amount of the taxes. The

defendant prosecuted an appeal to this court, and the judgment was reversed and the cause remanded. (*People* v. *Calumet Steel Co.* 351 Ill. 451.) The cause was redocketed, and upon a second trial without a jury, the circuit court rendered judgment in favor of the Calumet Steel Company. The People of the State prosecute this appeal.

The personal property assessment roll for the town of Bloom, in Cook county, for the year 1930, showing the valuations of the appellee's personal property by the board of assessors at $50,000 and the board of review at $85,000, was introduced in evidence. An auditor in the county treasurer's office identified volume 4, town of Bloom, personal property collector's warrant for 1930, and testified that it was issued and delivered by the county clerk to the town collector. The book contained, among other items, a statement of the taxes extended against the appellee's personal property. The auditor testified that the town collector retained the book for a certain period, made collections of taxes by its authority, attached an affidavit in which he stated that unless payment was affirmatively shown in the proper column, each item of taxes set forth in the book remained unpaid and returned the book to the county collector; that the latter officer thereafter continued the collection of the unpaid taxes and recorded his collections in the same book and not elsewhere; that no other book was used for the purpose of collecting taxes and that it disclosed the personal property taxes assessed against the appellee as remaining unpaid. An objection to its introduction was sustained by the court.

The same witness identified volume 2 of the county collector's error and abatement list of taxes and forfeitures for the year 1930. To the last volume, the county collector attached an affidavit in which he stated that the list contained, among other things, the names of persons and corporations charged with personal property taxes in the

warrants for the year 1930, which taxes, for the various reasons set forth, he had been unable to collect. These volumes constitute the county collector's return and were filed with the county clerk. Among the unpaid taxes listed is the item of $4709 personal property taxes for the year 1930 charged against the appellee. Another volume known as the county collector's delinquent, error and abatement, and final error and abatement recapitulation for 1930, was also identified by the witness. This volume contains a general summary of the delinquent taxes of the various townships of the county. Both volumes were offered in evidence, but were excluded upon the objection of the appellee.

The errors assigned and argued by the appellant are that the trial court erred in excluding the evidence offered, and that judgment should have been rendered for the plaintiff. The appellee, on the contrary, insists that a *prima facie* case was not established and that in any event the amount of the personal property taxes claimed to be delinquent was not proved.

Section 144 of the Revenue act (Cahill's Stat. 1933, p. 2323; Smith's Stat. 1933, p. 2373) provides that the treasurers of counties under township organization, and the sheriffs of counties not under township organization, shall be *ex-officio* county collectors of their respective counties. Section 169 requires the town collector to make a return to the county collector with a detailed statement of the taxes the former has been unable to collect. By section 181, county collectors shall have the same powers, and may proceed in the same manner, for the collection of any tax on real or personal property, as town or district collectors. Section 231 requires the county collector, within a fixed time annually, to make and file with the county clerk, a statement in writing setting forth, in detail, the name of each person charged with personal property taxes which he has been unable to collect, the value of the property, the amount of the taxes and the cause of his inability to make collec-

tion. The same section imposes upon the county collector, the additional duty, at the same time, to make and file with the county clerk, a similar detailed list of errors in the assessment of real estate. The truth of the statements contained in such lists, it is provided, shall be verified by the affidavit of the county collector. Section 230 of the same act provides that, in an action of debt, for the recovery of personal property taxes from any person, firm or corporation, the return of the county collector that such taxes are delinquent, shall be *prima facie* evidence that they are due and unpaid, but that the fact may be proved by other competent testimony. The section further provides that, in any such suit, the assessment of personal property to a person, firm or corporation, shall be *prima facie* evidence of ownership and of liability for the taxes of the year for which the assessment was made, and that such fact may be proved by the introduction of the proper assessment book or roll, or other competent proof.

The error and abatement list of taxes and forfeitures disclosed, among other things, the delinquent personal property taxes. The county collector, in his affidavit attached to the last volume, stated that he was unable to collect the taxes enumerated in the list and he specified the reasons for his inability to make collection. The list constituted the county collector's return and was filed with the county clerk. No defect or informality in the return was pointed out by the appellee. It showed that the taxes for the recovery of which the suit was brought were delinquent. By section 230 of the Revenue act the return was made *prima facie* evidence that the taxes in question remained due and unpaid. It follows that the circuit court erred in excluding the return from the evidence.

To maintain an action of debt for the recovery of personal property taxes, however, the introduction in evidence of the county collector's return is not essential if other competent evidence that the taxes remain due and unpaid

is adduced. Section 230 of the Revenue act further provides that the fact that personal property is assessed to a person, firm or corporation shall be *prima facie* evidence of ownership and of liability for the taxes of the year for which the assessment was made and that such fact may be proved by the introduction in evidence of the proper assessment book or roll or other competent proof. The roll showing the assessment of the appellee's personal property was introduced in evidence. The town collector's warrant, with his return to the county collecter that the personal property taxes assessed against the appellee remained unpaid, was offered in evidence but excluded therefrom. The additional evidence disclosed that the county collector continued the use of the same warrant for the collection of taxes; that he referred to no other book for the purpose; that all his collections of taxes shown by the warrant were recorded in that book and in no other record, and that the taxes extended upon the appellee's personal property assessment remained unpaid. The assessment roll, the warrant and the additional evidence established *prima facie* the liability of the appellee, and the warrant should not have been excluded.

On the former review, the increase in the valuation of the appellee's personal property from $50,000 to $85,000 by the board of review was held void. The appellant, on the second trial, sought judgment for $2770, the amount of the taxes computed upon the valuation of $50,000 fixed by the board of assessors. The appellee argues that no basis is afforded for such a result. The record discloses that the rate of taxation in the town of Bloom for the particular year was $5.54 on each one hundred dollars of assessed valuation. The application of that rate to the valuation of $50,000, undisturbed by the former review, produces $2770, the amount claimed. By this computation, the court will neither change nor affect the valuation of the appellee's personal property which, pursuant to the con-

stitutional requirement, was fixed by officers elected or appointed for that purpose.

The judgment of the circuit court is reversed and the cause is remanded to that court.

*Reversed and remanded.*