(No. 22147.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
THE PULLMAN CAR AND MANUFACTURING CORPORA-
TION, Appellee.

*Opinion filed February 23, 1934.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N.
BELL, MANUEL E. COWEN, ROBERT S. CUSHMAN, and
JACOB SHAMBERG, of counsel,) for appellant.

WINSTON, STRAWN & SHAW, (SILAS H. STRAWN,
RALPH M. SHAW, J. SIDNEY CONDIT, and REUBEN A.
BORSCH, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

An assessment of $5,200,000 was made by the board
of assessors of Cook county against the personal property
of appellee, the Pullman Car and Manufacturing Corpora-
tion. A complaint was filed by the corporation with the
board of review alleging that the valuation was excessive.
The board of review confirmed the assessment and taxes
were extended thereon in the sum of $350,480. The cor-
poration paid the county collector $125,000 and refused

to pay the balance of $225,480. An action of debt was instituted in the circuit court of Cook county for the recovery of the balance and the corporation filed a plea of *nil debet*. The trial court found the issues for the defendant and entered judgment accordingly. The cause is here on appeal.

A brief statement of the method prescribed by law for listing and assessing personal property is as follows: The tax commission shall prescribe or approve the form of blanks for schedules, documents and records authorized or required by law and relating to the assessment of property. All assessing officers shall use true copies of such blank forms. (Cahill's Stat. 1933, chap. 120, par. 107.) The assessor shall furnish to each person required to list personal property a printed blank form as prescribed by the tax commission, and the assessor or his deputy shall annually call at the office, place of doing business or residence of each person so required to list personal property and shall cause such person to make a correct statement of his taxable property according to designated classifications as indicated by the blank form of schedule. The schedule shall be signed and sworn to by the person listing the property and then delivered to the assessor, who shall thereupon assess the value of such property and enter the valuation in his books. (Cahill's Stat. 1933, chap. 120, par. 327.) The property owner has nothing to do with fixing the values of such property. That duty devolves upon the assessor.

The evidence in this case shows that the tax commission prescribed a form of schedule classifying personal property for assessment purposes under forty separate descriptive heads. Thirty-nine classifications are quite definite in their specifications of the kind and character of personal property to be listed. The fortieth item is intended to embrace property not designated by other classifications and is denominated "all other personal property

required to be listed." Each classification is given a separate column in the blank form. The assessor's books are provided with like columns and designations.

The corporation received a schedule and returned it to the board of assessors with nothing written on it except the signature of the corporation and the figures 5,000,000, preceded by the dollar mark. The figures were not placed opposite any of the forty classified items of personal property but were written at the bottom of column 2. This column is entitled, "Full fair cash value." The schedule was not sworn to. The board of assessors did not require the corporation to make a statement of its taxable property in accordance with the provisions of the law, but it acted upon the schedule as though it contained an itemization of the kind and character of the corporation's personal property. It made an assessment and entered it as a column-40 item—that is to say, in the column entitled "all other personal property required to be listed." The amount of the assessment was $5,200,000. No assessment was made against the corporation as owner of any property described in any of the other thirty-nine classifications. It is apparent that if the corporation owned any property which should have been listed under those classifications it was neither listed nor assessed. The assessment which was actually made was against property of a different kind and character than was included in any such classifications.

On the trial of this cause in the circuit court the plaintiff made a *prima facie* case by showing the assessment and the extension of a tax and the failure to pay a portion of it. The corporation's theory of defense is that there was in effect a rule of the board of assessors and the board of review requiring the assessing bodies to take into consideration an equalizing factor of thirty-seven per cent, which is shown to mean that when the full fair cash value of any item of personal property has been determined its assessed value is entered at thirty-seven per cent thereof;

that in this case the equalizing factor was not employed and the assessed value was fixed at the same amount as the full fair cash value, thereby making a grossly excessive assessment against the defendant's property; that the assessment is what is known as a "lump sum" assessment and was void, and that if the assessment is not to be considered a lump sum assessment it grossly exceeds the value of the corporation's property which could lawfully be listed in column 40.

The requirement that personal property be listed in separate items according to classification is obviously for the benefit of the taxing bodies and the tax-payer alike. Listing personal property according to its kind and description is necessary to an efficient method of assessment. A schedule showing the kind and quantity of personal property is helpful to the assessor in ascertaining whether or not the property owner is making a fair statement. Without itemization both the public and the tax-payer would be in complete darkness as to what property had been assessed and how its value had been determined. In *People* v. *Calumet Steel Co.* 351 Ill. 451, it was held that the law requires the assessor to list the property assessed, and in so doing he must set down in appropriate columns the kind of property assessed and the value of the property included within that item. It was declared that to fix a lump sum as the value of all personal property, without listing and classifying it according to its description and character, is no assessment at all and therefore void. The assessment in this case is not a lump sum assessment. It is a definite assessment of property of the character included in a column-40 description. It is the kind of assessment which was under consideration in *Holt* v. *Hendee,* 248 Ill. 288. It was there said that the presumption necessarily arises that the assessment made by the board of review was an assessment of property not included in any of the kinds of property enumerated in the other classifications.

In this case testimony was admitted tending to show that on April 1, 1930, the corporation was the owner of personal property largely in excess of the amount, in value, assessed against it. It was shown that the corporation owned and claimed as exempt from taxation certain Cook county tax warrants, capital stock in the Pullman Trust and Savings Bank, money on deposit in banks outside of Illinois, and a large amount of notes and accounts receivable. The column-40 assessment here involved cannot be deemed an assessment of credits because they should have been listed in column 27, or of bank stock because it should have been listed in column 29, or of money in banks because it should have been listed in column 26. If a column-40 assessment were permitted to include articles of personal property which should be listed in the preceding columns, the effect would be to render the holdings against lump sum assessments nugatory and destroy the theory of classification. The testimony as to the ownership of stocks, moneys and credits was irrelevant to the issues.

*Holt* v. *Hendee, supra,* was a proceeding in equity to restrain the extension of any taxes upon an assessment listed in a column entitled "all other property required to be listed," which is substantially the same as the present column-40 classification. It was held that it was incumbent upon the complainant to show that he did not own any property falling within that class, or, if he did own any such property, that its valuation by the board of review was excessive and fraudulently and dishonestly made. Inasmuch as there was no evidence in the case to show that the assessment was so made, the bill was dismissed for want of equity. However, in the present case there is testimony to prove the value of the column-40 property. The undisputed evidence shows it was only $47,011.27, but the assessment was approximately 110 times its full value and the taxes extended were more than seven times

its full value. The assessment is so egregiously excessive as to constitute a constructive fraud against the tax-payer. (*People* v. *Stewart,* 315 Ill. 25.) It cannot be excused on the ground that the tax-payer owned other property of value equal to the assessment made in column 40. The assessor's duty to classify property was plain under the statute and has been emphasized by the decisions of this court. That duty was ignored.

Our attention has been called to the holding in *King* v. *People,* 193 Ill. 530, that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes not affecting the substantial justice of the tax itself shall vitiate or in any manner affect the tax or the assessment thereof. The attempted assessment of $5,200,000 against the personal property of the corporation under column 40 was not a mere irregularity or informality. It was a definite and excessive assessment against the corporation on property of that class affecting the substantial justice of the tax itself. The *King case* arose out of an application for a judgment of sale against real estate for unpaid personal property taxes charged against the land. The proceedings were *in rem,* and the holding was in accord with an express provision of the statute relative to applications for judgment and sale of real estate for delinquent taxes. (Hurd's Stat. 1899, p. 1426.) And in *Holt* v. *Hendee, supra,* the proceeding was in chancery for an injunction against the extension of a tax, and we cited with approval *Pratt* v. *Raymond,* 188 Ill. 469, wherein it was said: "While the record should show the kinds of property assessed and the value thereof, and the total value, the facts alleged and the objections so urged afford no ground whatever for the exercise of the limited jurisdiction of a court of equity."

The case we are now considering did not arise out of an application for the sale of the corporation's real estate to satisfy delinquent taxes and the statute referred to in

the *King case* has no application here; nor is it a proceeding in chancery and controlled by purely equitable principles. It is an action in debt, and the evidence conclusively shows that the assessment was grossly in excess of the value of the property of the defendant which should have been listed and assessed in column 40. This conclusion makes it unnecessary to discuss other questions raised by the parties.

The judgment of the circuit court was correct and is affirmed. *Judgment affirmed.*