(No. 32091.—

ILLINOIS COMMERCIAL TELEPHONE COMPANY, Appellant, *vs.* CLARENCE SMOTHERS, County Treasurer, Appellee.

*Opinion filed November 27, 1951—Rehearing denied Jan. 21, 1952.*

HILL, MOORE & HILL, of Benton, and STEVENS & HERNDON, of Springfield, (ELMER NAFZIGER, of counsel,) for appellant.

JOSEPH W. HICKMAN, State's Attorney, of Benton, and FRANK E. TROBAUGH, of West Frankfort, (STEPHEN E. BRONDOS, of West Frankfort, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from an order of the county court of Franklin County dismissing a petition of the Illinois Commercial Telephone Company, hereinafter referred to as plaintiff, for the return of personal property taxes for 1947 paid under protest. The issue arose on an amended motion to dismiss the petition, filed by Clarence Smothers, the county treasurer, hereinafter referred to as defendant.

The plaintiff's petition alleged that it owned personal property in ten townships of Franklin County, the total assessed value of said property upon which 1947 taxes were extended being $316,300; that it delivered to defendant ten personal property tax returns, aggregating a full fair cash value of $96,055, who, in turn, delivered the returns to the board of review of Franklin County; that the board of review made lump-sum increases of approximately 280 per cent in the totals without showing how the increases were distributed among the various items of plaintiff's personal property; that such increase raised the value of the property to $269,000; that the board then took 20 per cent of said amount, or $53,770, as the full assessed value of plaintiff's property; that the Revenue Department certified a multiplier of 5.8824 to the county clerk, having found that Franklin County personal property was assessed in 1947 at only 17 per cent of its full fair cash value; that this resulted in an assessed value on plaintiff's personal property of $316,300; that the action of the board of review resulted in an assessment of plaintiff's property in an amount greater than other like personal property and in an amount greatly in excess of the full fair cash value and amounted to a constructive fraud against plaintiff; that the board of review was without authority to undertake any of these actions; that prior to paying the taxes levied and extended for 1947, plaintiff valued its property, by using the applicable formulas specified in the supplement to the assessor's manual published

by the Department of Revenue, at $207,985; that plaintiff filed returns for 1948 for the same property, using the applicable formulas specified in the assessor's manual, at a value of $219,280; that this amount was accepted by the board of review as the full 100 per cent value of the property; that the difference between the figure of $207,985 and $219,280 represents retirements from and additions to the property; that the tax rates in excess of the rates which were set forth in the plaintiff's petition were illegal; that of the amount of $6546.43 paid to defendant as taxes for the year 1947, $2256.23 was paid under protest, this amount being the amount of tax applicable to the sum of $108,315 or the difference between $316,300 and $207,985.

The defendant filed a motion to dismiss the petition of the plaintiff, alleging that on September 4, 1947, the board of review notified the tax agent of plaintiff that it had reviewed the schedules of the plaintiff and decided to increase plaintiff's personal assessments by 180 per cent unless plaintiff should show cause why this should not be done, and gave notice of a hearing to be held on September 18, 1947; that the tax agent of plaintiff appeared at the hearing, but did not present any evidence and showed no cause why the increase should not take effect; that the court has no power, in the absence of fraud, to review or determine the value of the property in this proceeding and that the plaintiff has wholly failed to pursue his statutory remedy.

Defendant then filed an amended motion to dismiss, attacking the jurisdiction of the court to hear the proceedings and alleging that the plaintiff failed to follow statutory remedies; that the proceeding is not brought to contest an illegal tax rate; that the assessment was arrived at according to law; that plaintiff is guilty of *laches;* that the valuations contained in the petition are not true valuations authorized by law; that the plaintiff is seeking to set itself up as a tax-fixing body; that the court is with-

out authority to determine plaintiff's assessed valuation; that the court has no authority to determine a constructive fraud in this case, and, if it did, the petition alleges no facts to establish a constructive fraud.

Plaintiff assigns as error, in arguing that it is entitled to a reversal of the county court order, that (1) the board of review was wholly without authority to make lump-sum increases in the totals of the value of plaintiff's personal property without showing how the increases were distributed among the various items of property, and (2) that in assessing plaintiff's property at an amount which was greater than other like property in the county and in fixing the assessment at an amount greater than the full fair cash value, the board of review was guilty of committing a constructive fraud on plaintiff.

Defendant, as set forth at some length in its motion to dismiss, argues that the court is without jurisdiction to hear this case, inasmuch as the plaintiff has not pursued its proper remedies and has not exhausted its rights before the administrative bodies having control of the taxing routine.

The cases cited by the plaintiff in the course of its argument on the two major points assigned as error go to the merits of the case. For example, *People* v. *Calumet Steel Co.* 351 Ill. 451, *Roach & Co.* v. *Harding,* 348 Ill. 454, and related cases all discussed the power of the board of review, based on the full facts in the case, to assess a lump sum as the value of all the property without any description of its character and kind.

In support of its second contention the plaintiff cites *Pekin Loan Co.* v. *Soltermann,* 365 Ill. 460, *People ex rel. Wangelin* v. *St. Louis Bridge Co.* 357 Ill. 245, and others, for the proposition that where property is valued at an amount grossly in excess of the fair cash market value and the valuation is an arbitrary one resulting in unjust

and unwarranted discrimination in violation of constitutional rights, such over-valuation for taxation purposes amounts to constructive fraud.

Before we can consider the law of these cases and apply it to the case before us, it is necessary to look at this matter in its proper perspective.

The plaintiff here filed returns wherein it valued its property at $96,055. These returns were received by the board of review, which disagreed with the valuation placed upon the property by the plaintiff and gave plaintiff notice that it would increase the amount unless plaintiff appeared at a hearing and showed cause why such increase should not be put into effect. The plaintiff appeared at the hearing and made no effort to prove the matters which it has alleged here. The board, hearing no objection, increased plaintiff's valuation on all the property, and then, in the ordinary routine of the application of the assigned factors, plaintiff's property was assessed at a value of $316,300. Subsequently, the plaintiff paid its taxes, protesting as to a portion thereof, and then filed its petition in the county court under section 195 of the Revenue Act (Ill. Rev. Stat. 1939, chap. 120, par. 676,) for a return of the protested amount.

We have grave doubts as to the propriety of a proceeding by plaintiff under this section of the act. Section 195 of the Revenue Act provides that any person desiring to contest personal property taxes "because of illegal tax rates" may pay the same under protest, and may, at any time within one year from the date of payment file a petition in the county court for the return of the amount paid under protest. In the instant cause there seems to be no argument as to the legality of the tax rate, but only a disagreement as to the amount of the assessment. This disagreement, apparently, did not arise until after a hearing before the board of review and after the factor had been

assigned the county by the Department of Revenue and applied to the figure relating to plaintiff's property. It is difficult to understand how plaintiff can now be heard to object to the result of the deliberations which, if it did not accede to them, certainly made no objection insofar as the record before us shows.

To give the plaintiff full benefit of the doubt, we have carefully read the cases assigned by it in support of its allegations of error. The cases in each instance refer to facts appearing in the respective records to establish the proper application of the established rule of law. For example, *Roach Co.* v. *Harding,* 348 Ill. 454, contains language to the effect that "It was the duty of the board of review to show by its records what items were increased. The fact that its records do not so show, strongly indicates that the assessment made was an original assessment made in a lump sum, and as such cannot be said to be a valid assessment." Similar language is contained in the other cases cited on this point.

The allegations in the petition in this cause are sketchy, but they are sufficient to indicate that the assessment of the board of review here was not an original assessment. It is apparent that all of the parties hereto have been dealing with a total figure throughout the proceeding, but it is also clear that this total is based on the original breakdown of ten township returns filed by the plaintiff. The assessment finally arrived at by the board of review is nothing more or less than an increase over the original total figure filed by plaintiff and arrived at by certain mathematical computations.

The cases cited by plaintiff in support of the allegation of constructive fraud also, in every instance, are based on evidence in the case. Referring to *People ex rel. Wangelin* v. *Wiggins Ferry Co.* 357 Ill. 173, this court said, "The great preponderance of the evidence in the case shows that the value placed upon the appellant's property for taxation

purposes was far in excess of that upon property of like kind and character and similarly situated."

The argument of plaintiff as to the sparsity of facts it has pleaded is that the allegations as to the property being valued by it at the "total full fair cash value" and that the action of the board resulted in fixing the value of plaintiff's property "in an amount greater than other like personal property" are ultimate facts and not conclusions as contended by defendant. Plaintiff says that, under these circumstances, the cases cited by it are sufficient to justify a reversal in this cause.

The weakness of this argument is that we cannot apply the rule of law of those cases to the case made out by this type of allegation. There is no basis for accepting the statement as to a higher valuation on this property over others when we have no item of like property with which to compare. We agree with the plaintiff that it is not required to plead evidence, but it must take the consequence of its own neglect to plead sufficient facts for this or any other court to make the comparison which it seeks to draw.

An examination of the petition filed in this case leads only to the conclusion that, on the pleadings and facts before it, the county court was justified in dismissing plaintiff's petition. The petition does not state sufficient facts to justify the application of the law of those cases upon which the plaintiff relies. This conclusion obviates any further discussion of the right of plaintiff to carry on this action under section 195 of the Revenue Act, or its failure to complete its remedy before the board of review when the opportunity was presented to it. The judgment of the county court of Franklin County is affirmed.

*Judgment affirmed.*