GEORGE L. THATCHER

*v.*

THE PEOPLE *ex rel.* Henry B. Miller.

1. TAXATION—*judgment for delinquent taxes—effect of mere irregularities.* By the adoption of section 191 of the present Revenue Law, nearly if not all the previous decisions of this court in regard to informalities and irregularities in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, have been abrogated as rules for the determination of cases arising after the adoption of such section, and courts can now only look to objections which affect the substantial justice of the tax.

2. The neglect or refusal of the county clerk, upon request properly made in due time by the owner of all the lots in certain blocks to include them for assessment in the books returned to the assessor in blocks and not in lots, is only an informality in the assessment of the property for taxation, which in nowise affects the substantial justice of the tax itself, and hence the assessment is valid.

3. If the owner of property suffers any wrong by the refusal of the county clerk to include his lots for assessment in the books returned to the assessor in blocks instead of lots, his remedy is to be sought in an action against the clerk.

4. SAME—*road and bridge tax—how levied.* Under the Township Organization Law, the town meeting is authorized to direct the raising of money for constructing and repairing roads, bridges and causeways, to the extent allowed by law, and section 120 of the Road and Bridge Law (R. S. 1874) authorizes a tax to be levied of not exceeding 40 cents on the $100 worth of taxable property in the town, for road and bridge purposes. It seems, from these two sections, that the road tax may be levied by

either mode as therein provided. If the town meeting fails to make such a levy, it can be done in the manner prescribed by section 120 of the Road and Bridge Law, but when it is levied in one mode, it can not be done in the other. The statute contemplates the levy of but one such tax.

5. Where the people of a town, by a vote in a town meeting, levy an amount not exceeding 40 cents on the $100 worth of taxable property in the town, for road purposes, and the amount is extended by the county clerk, the tax is legally levied and properly extended.

6. SAME—*none but party affected can complain of excess in extension of tax over amount levied.* Where it is claimed that the amount of school tax, as extended by the county clerks, is in excess of the amount levied, the party complaining must show that some part of the excess is charged against his property, for if it is all charged against the property of others, it in nowise concerns him or his interest whether they pay it or not.

7. And even if a small excess over the amount of tax levied is extended by the clerk by mistake, and is equally distributed on each tract of land, amounting to no more than about one and a half cents per tract, it could not be held to substantially affect the justice of the tax and defeat its collection.

8. SAME—*failure to extend road tax in separate column, does not vitiate the tax.* Whilst the law directs the town taxes to be extended in separate columns on the collectors' books, it does not declare that a failure to do so shall render the tax invalid, nor does justice or public policy require that such an effect should be given to the statute. Such failure does not affect the substantial justice of the tax, and can not defeat its collection.

9. SAME—*failure of town clerk to certify levy of tax to county clerk at proper time.* The failure of the town clerk to certify the levy of a town tax to the county clerk, within the time required by law, does not invalidate the tax.

10. DELINQUENT TAXES—*when printer's fee may be taxed as costs.* When the list of delinquent lands is placed in the hands of the printer by the collector, he is authorized to charge and collect the printer's fee provided for by law in such cases, although the owner of land in the list may offer to pay the taxes thereon before the paper containing such delinquent list is actually published.

11. TRANSCRIPT OF RECORD — *what it should contain.* In tax cases brought to this court, there is no necessity, in giving the list of lands, to include in the record any other tracts than those involved in the appeal or writ of error. It is wrong to litigants to incumber the record with long lists of lands not in dispute and having no connection with the matter in litigation, and if attorneys bring such records to this court, the costs uselessly made by including such unnecessary matter will be taxed to their clients.

APPEAL from the County Court of Cook county; the Hon. M. R. M. WALLACE, Judge, presiding.

Mr. GEORGE L. THATCHER, and Mr. FRANCIS C. RUSSELL, for the appellant.

Mr. JOHN M. ROUNTREE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The county collector of Cook county applied to the county court, at the June term, 1875, for an order for the sale of lands then delinquent for taxes for the year 1874. Appellant appeared, claiming to be interested in several parcels so returned, and resisted the rendition of the judgment. He filed a number of objections, which the court, on a hearing, overruled, and ordered the sale of the lands, or so much thereof as would be sufficient to pay the taxes and costs, from which this appeal is prosecuted.

The first objection urged is, that the county collector, on a tender made by appellant of all the taxes and costs, except the printer's fee, amounting to ten cents on each tract, refused to receive the money unless he would pay the printer's fee with the tax and other costs. This tender was made some four or five days before the date of the paper containing the publication of the delinquent list. At the time the tender was made, the collector had previously placed the list in the hands of the printer for publication, the type had been set and the portion of the paper containing the numbers of these lands had been struck off, but had not been distributed to the patrons of the paper. This, it is insisted, entitled appellant to a judgment as to this charge of ten cents printer's fee, and it is urged that the court below erred in rendering judgment therefor.

The 22d section of the chapter entitled "Fees and Salaries," R. S. 1874, p. 512, is this: "For printer, for advertising delinquent lists, in all counties, for each tract of land, twenty

cents; for each town lot, ten cents—to be taxed and collected as costs." Under this provision, the printer was manifestly entitled to collect his fees for publication. It can not be supposed the General Assembly would do so unjust a thing as to permit a tax-payer, after the printer had performed all the labor and incurred all the expense of the publication of the list but simply distributing or mailing his paper, to deprive him of his compensation for the labor performed and expenses incurred, by paying his taxes; nor could so unjust a purpose have been intended as to permit him thus to impose the burthen upon the collector. All the labor of publication had been performed and the expenses incurred, and it was all occasioned by the tardy action of appellant in not coming forward and paying his taxes before the delinquent list was placed in the printer's hands. Had the collector the power to receive the tax and then make the correction, which he had not, it would have involved much inconvenience and cost to the printer.

We have no doubt that a fair and reasonable construction of this statute authorizes the collector, at any time after he has placed his list in the hands of the printer, to charge and collect the printer's fee. It is only thus that a publication could be made. If all persons were to have the right to thus escape the payment of this fee, at any time before the paper was actually circulated, it would operate oppressively on the printer or collector, or both, as, where large numbers should so pay, it would involve time, labor and expense to take tracts paid on out of type as payments should be made, and require the change of the printer's forms, all producing confusion, delay or expense.

We, however, perceive no reason why the collector should not have received and receipted for the taxes and costs which were tendered, specifying that the printer's fee was not included in the receipt, and then have corrected the list after it was returned to the clerk, so as to have asked judgment for the printer's fee on each lot. He would thus have prevented

the delay in the collection of this tax, and the State, county, towns and other corporate bodies would have received the revenue to which they were entitled, and which appellant, by his tender, admitted to be due.

Without stopping to inquire whether appellant has shown such title or interest in the property returned as delinquent, as to entitle him, under the statute, to urge objections to the rendition of a judgment for the sale of the land for the payment of these taxes, or without holding, as we no doubt might, that the tender precludes appellant from raising objections to any portion beyond the printer's fee, we choose to consider the questions appellant has raised on this record. The questions otherwise fairly arise on the record, and it may be desirable that our present Revenue Law shall receive an early construction, and thus prevent delay in the collection of the public revenues.

It is urged that, as the county clerk refused, on request properly made and in due time, to include a portion of these lots for assessment in the books returned to the assessors, in blocks and not in lots, the assessment is void, and the tax can not be enforced. The 66th section of the chapter entitled "Revenue" is referred to in support of the position. It contains this provision: "And where all lots in one block belong to one owner, they shall, at the request of the owner or his agent, be listed as one block." To this there are two answers: first, appellant failed to show that he was the owner, and next, the provisions of the 191st section of the Revenue Law manifestly cures this defect. It provides that "no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law, or on account of the property having been charged or listed in the assessment roll or tax list without name, or in any other name than that of the rightful owner; and no error or informality in the proceed-

ings of any of the officers connected with the assessment, levying or collecting of the taxes not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof."

These provisions are broad and comprehensive. The lavish, if not reckless, expenditure of money, and the unprecedented manner in which local municipalities have incurred debts to make expensive improvements, and to beautify and adorn their public grounds and buildings, have been attended with their natural and inevitable result—high taxes, operating as a burthen on business and property, which, it is believed, led to resisting the payment of such taxes to an extent that compelled the General Assembly to prevent virtual repudiation by escaping their payment on purely technical grounds. Hence this amendment to our Revenue Law, and by it nearly if not all our previous decisions have been abrogated as rules for the determination of cases arising after the adoption of this amendment. By it the courts can only look to objections which affect the substantial justice of the tax. Under our system of self-government, the power to have an economical and prudent administration of public affairs, or the opposite, is fully and entirely in the hands of the taxpayers themselves. When they desire economy, they have only to elect men to office who will conform to such requirements; but when debts are incurred and expensive improvements are made for the public, they must be paid for, and that can only be done by taxation, and every principle of natural justice demands that the burthen be borne proportionally by the taxable property of the district or municipality. It would be great injustice to permit some to escape the payment of taxes on mere technical grounds, and impose the burden on those too conscientious to endeavor to escape their just and fair proportion of the burthen of supporting the government, from which they derive all their protection to life, liberty and property. This seems to be the reason moving

the General Assembly in making so just and salutary an amendment to our revenue system.

Now, this omission of the county clerk was only an informality in the assessment of this property for taxation, that in nowise affects the substantial justice of the tax itself. It does not necessarily increase the valuation of the lots; it does not impose a higher rate of taxation. or a tax illegal or unwarranted by law, or for an illegal purpose, nor does it impose a tax on property exempt from taxation. As the assessment was made, it only subjects appellant to the payment of his just, reasonable and proportionate share of the public burthens, and in no light in which we can view the question, does it in the slightest degree affect the substantial justice of the tax. If appellant has suffered any wrong, his remedy is to be sought by an action against the clerk, who failed to comply with his request. That such omissions of duty by the officers having charge of the levy and collection of the taxes were not designed to affect the validity of the tax, is further shown by the enactment of the 287th and 288th sections of the Revenue Law, imposing penalties upon officers for failure or refusal to perform their duty under the Revenue Law. These sections were introduced as amendments with that incorporated in the 191st section, and obviously to render such officers liable for non-performance of duty which produced injury to the tax-payer, and of which he could not avail to avoid the payment of his taxes, as well as where it enabled him to escape their payment. There is no force in this objection.

It is next urged that the court below erred in refusing to allow the objection. that the certificate returned by the town clerk shows that the assessment of taxes is in excess of the sum authorized by law. On examination, we fail to find that such fact is apparent, nor has appellant shown in what manner or to what extent the alleged excess has been produced or exists. It is said that $4911.47 was levied, when only $816 was authorized. No law has been referred to which limits

604        THATCHER *v.* THE PEOPLE *ex rel.*        [Sept. T.

Opinion of the Court.

the sum to the latter amount, nor are we aware of any such limitation. Hence we fail to see the force of the objection urged. If, however, appellant refers, or intends to refer, to the extension of the tax by the clerk, then the answer is, that these amounts both appear to have been levied by a vote of the people, in town meeting. The people, by a vote, levied the larger sum for road purposes and the smaller one for town purposes. Now, the third clause of section 40 of article 4 of the Township Organization Law, R. S. 1874, p. 1072, expressly authorizes the town meeting, by vote, to direct the raising of money for constructing or repairing roads, bridges or causeways, to the extent allowed by law. The 120th section of the Road and Bridge Law, R. S. 1874, p. 932, authorizes a tax to be levied of not exceeding 40 cents on the $100 worth of taxable property in the town, for road and bridge purposes. There is nothing in this record to show that the sum of $4095.47 exceeded that rate on the taxable property in the town. It would seem, from these two sections, that the road tax might be levied by either mode as therein provided. If the town meeting should fail to make such a levy, then it could be done in the manner prescribed by section 120 of the Road and Bridge Law, but when it has been levied in one mode, it can not be by the other. The statute contemplates the levy of but one such tax. We are therefore clearly of opinion this road tax was legally levied by the town meeting, and was properly extended by the county clerk.

It is not questioned that the town meeting had power to levy the $816 for the purpose of defraying town expenses, but it is urged that the school tax exceeded in amount the sum authorized to be levied. The proper officers levied. as appears by their certificate, $7000 for school purposes, but it is claimed that the amount extended in the collector's books, as we understand it, was $7060.33, as the aggregate of the whole tax. Appellant has not shown that any portion of this excess, if it in fact exists, was charged against his property. For aught that appears, the excess, by mistake, may all have

been charged to one or but few tracts, and they the property of some one else than appellant, and if so, it in nowise concerns him or his interest whether they shall or not pay the excess. If they should, it by no means operates to his injury. If we are left to conjecture alone, as we are, then it is more reasonable to conclude that the difference in amounts was produced in extending the tax against one or a few tracts, than that the clerk would intentionally incur the penalties of the law by deliberately raising the amount levied on all the property assessed. Appellant, to obtain the relief sought, should have shown that the tax was void in its levy, or that the law had been violated in such a manner as to affect the substantial justice of the tax itself levied on his property.

But even if the excess was equally distributed on each tract, it could not have amounted to more than one and a half cents on each lot, and that could not be held to substantially affect the justice of appellant's taxes. *De minimis non curat lex.* It would be unheard of to hold such a trifle to be substantially unjust and requiring the defeat of the collection of the revenue of the State, counties, schools and other municipalities.

It is next urged that the law was violated by the county clerk having failed to extend the road tax in a separate column on the collectors' books. Whilst the law directs this to be done, it does not declare that a failure to do so shall render the tax invalid, nor does justice or public policy require that such an effect should be given to this statute. A failure to extend the town taxes in separate columns does not at all affect the substantial justice of the tax. It may involve the necessity of making a simple calculation to determine the proportion of the tax which shall be paid to different town officers, in case the entire amount should not be collected. The carelessness, or even the wilfulness, of the clerk, in not observing this provision, can not be held to defeat the collection of the tax. If appellant has sustained injury by this failure to comply with the law, he must be left to seek his remedy by an action against the clerk.

It is next urged that the town clerk of South Chicago failed to certify the levy of the tax to the county clerk, on or before the second Tuesday in August, as required by the 122d section of the Revenue Law, and the case of *Mix* v. *The People*, 72 Ill. 241, is referred to as sustaining the proposition that such failure was fatal to the validity of the tax. In the case of *Buck* v. *The People*, 78 Ill. 560, it was held that the subsequent adoption of the 191st section of the Revenue Law fully cured this defect, and overruled the case of *Mix* v. *The People*. It, then, follows that there is no force in this objection.

We find in this and other tax cases the records are most bunglingly made. They are out of all shape for filing, and are extremely inconvenient to handle or refer to, and are greatly larger than fairness to litigants warrants. It is a matter of surprise that any clerk should be willing to permit such unshapely things to go from his office. In giving the list of lands against which the taxes being contested are levied, it is wholly unnecessary to give any other tracts not involved in the appeal or writ of error. It is a manifest wrong to litigants to incumber the record with long lists of lands not in dispute and having no connection with the matter in litigation. It unjustly increases the costs, unnecessarily incumbers the record and is wholly useless. If attorneys bringing such cases to this court fail to have this wrong corrected, we shall be under the necessity of taxing the costs thus uselessly made to their clients. It would require the exercise of but slight skill and but little effort to present such records in the usual form, and to avoid the slovenly appearance, and render the records easy to be handled and convenient to be filed.

A careful examination of the objections urged, fails to disclose any error for which the judgment of the court below should be reversed, and it is therefore affirmed.

*Judgment affirmed.*