THE GRANT LAND ASSOCIATION

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1904.*

1. TAXES—*failure of assessor to "view" land does not defeat the tax.* Failure of the assessor to view land assessed for taxation is but an irregularity which does not defeat the tax levied on such assessment.

2. SAME—*board of assessors not required to view property it assesses.* Section 12 of the Revenue act does not require the board of assessors of Cook county to actually view the property assessed by it if the same has been viewed by a deputy assessor.

3. SAME—*assessor in town of Cook county is an ex officio deputy for board of assessors.* An assessor elected for a town in Cook county is *ex officio* a deputy to the board of assessors, and his assessments are subject to revision by the board.

4. SAME—*proper person to whom to apply for information as to valuation.* Under section 27 of the Revenue act of 1898 the chief clerk of the board of assessors is the proper person to give information to property owners in Cook county as to the valuation placed upon their property by the assessor or board of review.

5. SAME—*reliance on information from an unauthorized person does not vitiate assessment.* Reliance by tax-payer in Cook county upon information as to the valuation of his property for taxation obtained from the local town assessor instead of from the chief clerk of the board of assessors does not vitiate the assessment, even though he is misled thereby.

6. SAME—*failure to publish list of assessments does not vitiate tax.* Failure to publish a list of assessments in any of the modes provided by the statute does not constitute a valid objection to the application of the county treasurer for judgment of sale.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

A. J. REDMOND, for appellant.

JAMES H. WILKERSON, County Attorney, and WILLIAM F. STRUCKMANN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant association filed two objections to the application of the appellee treasurer for a judgment and order of sale against its lands and lots in the town of Cicero for delinquent taxes alleged to be due for the year 1903. The objections were as follows: (1) "The valuation of objector's property has been raised contrary to law and the provisions of the statute, and to the extent of such increase (thirty per cent) the taxes so extended are illegal and void;" (2) "the valuation of objector's property is illegal, excessive and void, and the taxes extended thereon and for which judgment is sought herein are illegal, contrary to the statute, excessive, null and void."

In 1899 the lands and lots here involved were valued for assessment by Chris. F. Hafner, the assessor for the town of Cicero. The board of review, at, as it seems, the instance of Mr. Hafner and other citizens, reduced the valuations for assessment upon this and other real estate in the town of Cicero thirty per cent for the year 1899. The property was not reassessed until 1903, the beginning of the next quadrennial assessment period. In 1903 James G. Lynn was elected assessor for the town of Cicero and became *ex officio* deputy assessor for the board of assessors in and for the county of Cook. He adopted the valuations of lands and lots which had been made by assessor Hafner for the year 1899, and the lands and lots were assessed for taxation accordingly. W. T. Block was secretary and treasurer for the appellant association in 1903, and he testified that it was his duty to "look after" the assessments of the property of the association for taxation, and that, in pursuance of his duties, he called upon Mr. Lynn, the assessor elect for the town of Cicero, and inquired what valuations had been placed upon the lands and lots of the appellant association as the assessment thereof for taxation for the year 1903; that Mr. Lynn told him he had assessed the lands and lots, and "that the

213—17

assessed valuation thereof for taxing purposes would be the same as in the preceding year;" that he (the witness) believed the statement to be true and did not examine the assessor's books but relied upon the information received from Mr. Lynn. A list of the assessment of the property assessed for taxation in the town of Cicero for the year 1903 was not published in any newspaper. The appellant association did not apply to the board of assessors, or to the clerk of said board of assessors, or to the board of review, to ascertain the valuations that had been placed upon the property for taxation or ask for any relief or action upon the part of either of such bodies. Mr. Lynn, the assessor elect for the year 1903, testified that he fixed the valuation upon appellant's property with the understanding that the assessment would be reduced thirty per cent, as had been done at the beginning of the preceding quadrennial term for assessments.

The position of the appellant association is, that it appeared "that the valuation of its property was thirty per cent higher than the true estimate of the valuation thereof by the local assessor; that the officer misrepresented to the appellant that the valuations of appellant's property were the same as for the preceding year, when, as a matter of fact, they were thirty per cent higher; that the year 1903 was the fourth year, and the board of assessors failed to publish the list of assessments as provided by statute; that therefore such a fraud was committed upon the appellant as to make the tax levied against its real estate in the town of Cicero illegal and void."

It was stipulated that "no member of the board of assessors or board of review, except the deputy assessor of the board of assessors, viewed said property for the purpose of making said assessment." It seems to be urged that it was the duty of the board of assessors or of the board of review to "view" all real estate which it assessed for taxation, and that the failure to perform this duty vitiates the tax. This question last stated may conveniently be first determined.

Section 12 of chapter 120, entitled "Revenue," (Hurd's Stat. 1899, par. 306,) provides that the assessor, by himself or by his deputy, shall actually view and determine, as near as practicable, the value of each tract or lot of land listed for taxation. The requirements of this section are fully met if Mr. Lynn "viewed" the property, and the stipulation concedes that he did so. Moreover, a failure to go on the land and actually view it is but an irregularity, and would not defeat the tax. *DuPage County* v. *Jenks*, 65 Ill. 275.

Nor do we think appellant's other contentions are well taken. In Cook county, where appellant's lands and lots are situate, assessments for taxation are made by a board of assessors, under the provisions of the act approved February 25, 1898. (Hurd's Stat. 1899, p. 1444.) The assessor, Lynn, though elected in the town of Cicero, was but a deputy assessor, *ex officio*, for the board of assessors, and his assessments were subject to the revision and approval or disapproval of the board of assessors, as were the assessments of those appointed deputy assessors by the board. In *Burton Stock Car Co.* v. *Traeger*, 187 Ill. 9, we said (p. 17) : "It is not clear that the legislature intended assessments in Cook county within the limits of the city of Chicago to be made by one class of assessors and assessments in the county outside of the city to be made by another class. As a matter of fact there is but one class of assessors. The law provides for one board of assessors for the whole county. There are two classes of deputy assessors,—those appointed by the board for the city and those elected for the towns outside of the city. But the difference is only in the fact that one class is appointed and the other is elected. Both are deputy assessors only, and are under the direction and supervision of the board of assessors. The work of both is subject to revision and approval of the board of assessors, and becomes the work of that board when it is revised or adopted by such board."

Section 27 of the said act of 1898 provides that the chief clerk of the board of assessors, "when requested, shall de-

liver to any person a copy of the description, schedule, return or statement of property assessed in his name or in which he is interested, and the valuation placed thereon by the assessor or board of review." The appellant association did not avail itself of the opportunity thus provided by the statute for obtaining information as to the valuation of its property for assessment, and the record discloses no reason or excuse for the failure so to do. Had this information been sought from the chief clerk of the board of assessors, any error or over-valuation could have been reviewed or corrected. The appellant was required to employ this opportunity to acquire information as to the assessment of its property, and could only rely on other information at its peril. This principle was declared in *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, and in *Humphreys* v. *Nelson,* 115 id. 45. That the appellant association sought information from some other official than the one designated by the law to give it, and was misled, could have no effect to vitiate the assessment. The board of assessors, by section 23 of the said act of 1898, are expressly vested with the power of revising all assessments of real property in Cook county and are required to enter all changes and revisions made by them on the assessment books, and, when such revision has been completed, are required to append to each of such assessment books the affidavit required by law, signed by at least two members of the board, and the section further provides that upon the signing of such affidavits the board of assessors shall possess no further power to change or alter the assessments. The local assessor could have no official knowledge of the assessment as finally completed, and property owners cannot be heard, in defense of an application for judgment against their lands for unpaid taxes, to urge that they relied upon statements made by the local assessor as to the valuation placed upon their property for the purposes of taxation.            -

The failure to publish the assessments in any of the modes provided by the statute does not constitute a valid objection to the application of the county treasurer for judgment. Section 29 of the act of 1898 (Hurd's Stat. 1899, par. 323, p. 1451,) expressly so provides.

It is not improper to add that we do not find in the record any testimony tending to show that the property of the appellant association was assessed above its value.

The judgment is affirmed.

*Judgment affirmed.*