(No. 22352.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE CROWE NAME PLATE AND MANUFACTURING COMPANY, Appellant.

*Opinion filed June 15, 1934—Rehearing denied October 5, 1934.*

ADELBERT BROWN, and HOUSTIN SHOCKEY, for appellant.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, MANUEL E. COWEN, and WILLIAM P. KEARNEY, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county in an action of debt against the appellant for personal taxes for the year 1931. The judgment was for $1750, and represented the balance of an amount of $3505.75 assessed against the personal property of appellant. Appellant contends that it owes but $169.87; that the total tax legally to be levied against its property is but $1925.62, and that having paid $1755.75, the balance for which it is liable is $169.87.

Appellant contends that the assessor illegally increased the valuation of its property by adding to the value of its tangible property as returned by the schedule the sum of $22,252, and by adding under item 40 of the schedule, "All other personal property required to be listed," the sum of $77,348. Appellant filed a schedule in the form prescribed by the State Tax Commission. It set forth various items of personal property, and in the column headed "Full fair cash value" stated such value opposite each item. Nothing was scheduled under item 40. Item 24 of the schedule, "Moneys of bank, banker, broker or stock jobber," was in the schedule shown to be $208.70. Item 27, "Credits of other than bank, banker, broker or stock jobber," was fixed at $1349.81. Item 31, "Property of companies and incorporations other than hereinbefore enumerated," was fixed at $1191.16. The total of these three items as returned by the schedule was $2749.67. It ap-

pears from an examination of the schedule that the assessor, in the column "Full value as determined by the assessor," entered the various items returned in the schedule, discarding the fraction of a dollar. It also appears that he added to the three items 24, 27 and 31 the sum of $22,252, bringing the total of those items to $25,000. The assessor also fixed a value under item 40 of $77,348, bringing the total full value of all of appellant's tangible personal property to $100,000 instead of a total of $25,404.45, as returned by appellant. The assessed value was fixed at thirty-seven per cent of the full value, or $37,000. To this was added thirty-seven per cent of the full value of appellant's intangible property, about which no complaint is made, bringing the total assessed value to $46,250. As we have stated, the contention of appellant centers around the four items of the schedule referred to.

It was stipulated that the county treasurer's warrant books of Cook county show that the tax was extended on the valuation of $46,250. On this *prima facie* showing the People rested, and appellant called in defense Martin Keagy, its secretary. He testified that the figures set out in the schedule represented the fair cash value of appellant's personal property. He was asked whether appellant owned any other property than that which it returned in the schedule and replied that it did not.

Counsel for appellant argue that the addition by the assessor of the sum of $22,252 to items 24, 27 and 31 was a lump sum assessment and so was invalid. The assessor was in no way bound by the items of valuation as stated in the schedule. He was empowered to fix a fair cash market value of those items without regard to the amount returned in the schedule, and appellant had recourse to the board of appeals in case of an over-valuation of the items. (*Moline Water Power Co.* v. *Cox,* 252 Ill. 348; *Wabash, St. Louis and Pacific Railway Co.* v. *Johnson,* 108 id. 11.) It does not appear that objection was made to the board

of appeals. The schedule evidences an increase in the three items mentioned, and appellant's contention as to that increase cannot be sustained.

As to the item of $77,348 fixed by the assessor under item 40 a different situation exists. The language of this item on the schedule necessarily relates to property not included in any of the classes of property enumerated in the other items of the schedule. Where an assessment is made under item 40, as in this case, the property owner has a right to prove, and it is incumbent upon him to prove, that he did not own any property falling within that classification, or if he did own such property its valuation by the assessor was excessive and was fraudulently made. (*People* v. *Pullman Car Corp.* 355 Ill. 438; *Holt* v. *Hendee,* 248 id. 288.) In this case appellant's secretary testified that appellant had no such property or any property other than that included in the various items preceding item 40 in the schedule. Appellee argues that this testimony does not overcome the *prima facie* case made by the People, for the reason that appellant did not produce its books or income tax returns. The testimony of the secretary, however, was not as to what property appellant owned which should be classified under item 40 of the schedule but that it owned no such property. This was a matter not only within his competency to testify, but as to which he would have knowledge by reason of his relationship to appellant even without the aid of the books. The People did not ask for the production of the books or the income tax returns and did not in any way controvert the testimony of the secretary. We are of the opinion, therefore, that in this case the proof of appellant overcame the *prima facie* case and showed that the entry under item 40 by the assessor was illegally made. The judgment entered in this cause by the circuit court was therefore erroneous.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*