(No. 33090.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LLOYD JENNINGS, doing business as Jennings Tavern, Appellant.

*Opinion filed May 24, 1954.*

J. D. QUARANT, of Elizabethtown, for appellant.

JAMES G. GULLETT, State's Attorney, of Elizabethtown, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On March 2, 1953, the People, by the State's Attorney, brought an action in the county court of Hardin County against Lloyd Jennings to recover personal property taxes for the year 1951. From a judgment against him defendant appeals directly to this court, the revenue being involved.

It appears from the pleadings and evidence that appellant was the owner of certain personal property in the county subject to taxation; that he filed a verified schedule of such personal property and was assessed thereon; and that the tax extended against him was not paid. It further appears that for the year 1951 the list of personal property assessments was not published in a newspaper as required by section 103 of the Revenue Act of 1939. (Ill. Rev. Stat. 1949, chap. 120, par. 584.) The sole question presented is whether the failure to publish the assessment list is a valid objection to collection of the tax.

The question is one of statutory construction. Its determination must depend upon whether the requirements of the statute, which were not complied with, are mandatory or merely directory in nature. The applicable rule was announced in *French* v. *Edwards,* 80 U.S. (13 Wall.) 506, 20 L. ed. 702, where the court observed: "There are, undoubtedly, many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such, generally, are regulations designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importting that the acts required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise."

*Lyon* v. *Alley,* 130 U.S. 177, 32 L. ed. 899, involved construction of a statute requiring a commissioner of improvements to deposit the assessment roll with the "register," who was then required to "place in the hands of the collector of taxes a list of the persons chargeable with such tax, together with the amount due by each person." The statute further provided that within ten days after receiving such list the collector shall give notice in writing to each taxpayer. In holding that the requirements were intended to be mandatory, the court declared: "The provisions of statutes as to the form and mode of assessments, as to tax lists, and the place where the tax lists are

to be deposited, are, according to the highest authority, designed for the benefit of the taxpayers and the protection of their property from sacrifice."

In *Heidenway* v. *Harding,* 336 Ill. 606, this court pointed out that "Every tax-payer, under the constitution and laws of this State, has a right to notice when his property is assessed for taxation, with an opportunity to be heard upon the justness of the taxation. To this end statutory provisions are made for such notice and hearing. These provisions are for the protection of the tax-payer, they are mandatory, they must be strictly complied with, and a disregard of them will render the tax illegal."

Section 103 ordains that the appropriate officer "shall publish the assessment of personal property in full" in some public newspaper on or before July 10. While the legislature has not declared that a failure to do so shall render the tax invalid, such result must, in the absence of any other indication of legislative intent, follow from the character of the requirement. Publication of the assessment roll is clearly not designed for the guidance of officers or the maintenance of order, system and dispatch in proceedings. Its purpose, like that of provisions concerning notice, is to afford the taxpayer information and an opportunity to ascertain whether the assessment is excessive or disproportionate. In view of its nature, therefore, the requirement is *prima facie* mandatory rather than directory, and failure to comply will vitiate the tax unless a contrary legislative intent is otherwise manifested.

Prior to 1941 this question of effect was expressly answered by the General Assembly in section 106 of the Revenue Act of 1939, (Ill. Rev. Stat. 1939, chap. 120, par. 587,) which declared in part that "In case any assessment is not published in conformity with law or is not mailed in accordance with the provisions of this Act, the failure so to publish the same or mail the same shall not be considered as a valid objection to the tax." Where such

a provision exists collection of the tax cannot be resisted on the ground of failure to publish. *Grant Land Ass'n* v. *People ex rel. Hanberg,* 213 Ill. 256.

In 1941, however, the legislature amended section 106 by deleting the provision quoted above and providing instead that "No assessment of real or personal property shall be considered as invalid because such assessment was not correctly listed or because such assessment was not in the name of the true owner or owners thereof." (Laws of 1941, vol. 1, p. 1078.) No provision concerning the effect of a failure to publish was retained, and the act must therefore be treated as if such provision had never been enacted. See *City of Chicago* v. *Degitis,* 383 Ill. 171, 175.

Appellee relies on section 235 as disclosing a legislative intent that failure to publish should not defeat the tax. That section provides, *inter alia,* that "no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law, or on account of the property having been charged or listed in the assessment or tax list without name, or in any other name than that of the rightful owner; and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." (Ill. Rev. Stat. 1953, chap. 120, par. 716.) Such provisions are just and salutary, and should be broadly construed in the light of their purpose. (See *Thatcher* v. *People ex rel. Miller,* 79 Ill. 597, 602-603.) But they cannot be given the effect urged by appellee. They apply only where there has been an attempt to comply with the law but the attempt is not effective on account of some informality or clerical error. (*People ex rel. Wangelin* v. *City of St. Louis,* 367

Ill. 57, 68-69.) In the case at bar no attempt whatsoever was made to comply with the requirement, and the record discloses no reason why it was disregarded.

Appellee further contends that since appellant failed to question the assessment before the board of review, he is barred from objecting to the validity of the tax on the ground of failure to publish. To sustain the contention appellee cites *People* v. *Spurgeon Mercantile Co.* 352 Ill. 620, and *People* v. *Crowe Name Plate and Mfg. Co.* 357 Ill. 384. In each of those cases the objection was over-valuation, and it was held that such objections cannot be made for the first time in an action by the State for collection of the tax. But such rule does not apply to objections of the present kind. The requirement in question here is intended to provide information to the taxpayer, so that he may readily know whether there is any occasion to seek a revision of the assessment before the board of review. A failure to publish, like a failure to give notice of a change in assessment, relates to the remedy itself; and the rule requiring the taxpayer to first seek relief before the board of review has no application. See *Lindheimer* v. *Nelson,* 369 Ill. 312, 316-317.

It is argued that allowing the omission of a publication to defeat the tax would be contrary to public policy and against the best interests of the general public. The argument misconceives the function of this court. Such matters must be addressed to the General Assembly, which is entrusted with the duty of determining public policy and promoting the general welfare. This court can only ascertain and apply the intention expressed by that body. The legislature may readily indicate what the effect shall be, as it has with respect to other defects, (See Ill. Rev. Stat. 1953, chap. 120, pars. 716, 717, 795, 796, 797, 798, 799,) and as it did prior to 1941 with respect to a failure to publish. (See Ill. Rev. Stat. 1939, chap. 120, par. 587.) But in the absence of appropriate provisions the nature

of the requirement must govern the construction to be given by this court, and it must therefore be regarded as mandatory.

It follows from what we have said that the county court erred in entering judgment for appellee. Its judgment is reversed.

*Judgment reversed.*

MAXWELL and HERSHEY, JJ., dissenting.