# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Baker v. Harper*, 2012 IL App (3d) 110343

---

| | |
|---|---|
| Appellate Court Caption | THOMAS G. BAKER, SHARON L. BAKER, and MICHAEL W. BAKER, Plaintiffs-Appellees, v. VICTORIA J. HARPER, Fulton County Treasurer and Collector, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0343 |
| Filed | March 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiffs purchased 163.61 acres of a 225.29-acre parcel of farmland and the new parcel was assessed as "rural, vacant, non-farm" property with a value of $165,250 and taxes of $15,372.22, plaintiffs filed an action claiming that the new property should have been assessed as farmland, and the trial court entered summary judgment for plaintiffs, the appellate court vacated that judgment and dismissed the appeal by the county treasurer and collector, since plaintiffs failed to exhaust their administrative remedies by not appealing the assessment to the board of review and the trial court's judgment was therefore void. |
| Decision Under Review | Appeal from the Circuit Court of Fulton County, No. 10-TX-47; the Hon. William C. Davis, Judge, presiding. |
| Judgment | Judgment vacated and appeal dismissed. |

Counsel on
Appeal

John Clark, State's Attorney, of Lewistown (Patrick Delfino, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Christopher E. Sherer (argued), of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellant.

Steven B. Morgan (argued), of Perbix & Morgan, of Havana, for appellees.

Panel

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.

Justices O'Brien and Wright concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Victoria J. Harper, Fulton County treasurer and collector, appeals the trial court's grant of summary judgment to Thomas G. Baker, Sharon L. Baker and Michael W. Baker (Taxpayers) on their tax objection complaint. Taxpayers claimed that the tax notice was defective, invalidating the tax and negating the need for exhaustion of administrative remedies. The trial court agreed and granted summary judgment. Defendant now appeals.

¶ 2                                    FACTS

¶ 3    In 2008, Taxpayers purchased 163.61 acres of a 225.29-acre parcel. The original 225-acre parcel was assessed as farmland in 2008. A new tax parcel was created for Taxpayers. The taxes assessed on the new property in 2009 were $15,372.22. In 2008, the real estate tax for the original 225.29 acres was $240.

¶ 4    Taxpayers received a 2009 assessment notice. It stated that the new property would be assessed at $165,250 and that the prior year's assessed value was $0. The notice further identified the fact that the new parcel was classified as "rural, vacant, non-farm" property. The notice also stated that Taxpayers had the right to appeal the assessment to the Fulton County Board of Review (the Board). Taxpayers did not file an appeal with the Board. Instead, they filed a complaint in the circuit court of Fulton County, claiming that the new property should have been assessed as farmland, as the original parcel had been assessed.

¶ 5    Defendant filed a motion to dismiss, asserting that the trial court lacked jurisdiction due to Taxpayers' failure to exhaust their administrative remedies. The trial court denied the motion, as well as defendant's motion to reconsider. It held that exhaustion of remedies did not apply due to the defective notice sent to Taxpayers.

¶ 6    Taxpayers moved for summary judgment, which the trial court granted. Defendant appeals.

¶ 7                                                     ANALYSIS

¶ 8          Defendant raises two general arguments. First, that the trial court did not have jurisdiction to hear the tax objection due to Taxpayers' failure to exhaust administrative remedies. Second, she argues that even if the trial court had jurisdiction, its grant of summary judgment was improper where the Property Tax Code (the Code) (35 ILCS 200/1-1 (West 2010)) states that a failure to give notice required by the Code does not invalidate a tax.

¶ 9          Taxpayers argue that the exhaustion of administrative remedies requirement is not applicable here due to defendant's failure to give proper statutory notice. They also argue that defendant's failure to properly notify them of the increase renders the tax invalid.

¶ 10         "Where a circuit court determines jurisdictional issues without hearing testimony, we review the court's determination *de novo*." *In re Marriage of Seffren*, 366 Ill. App. 3d 628, 634 (2006).


¶ 11                                                   I. Jurisdiction

¶ 12         "A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Here, to decide our jurisdiction, it is first necessary to determine whether the trial court had jurisdiction. The notice of appeal was timely filed, but "[i]f [the] trial court did not have jurisdiction, the parties cannot confer jurisdiction on a reviewing court merely by taking an appeal." (Internal quotation marks omitted.) *KT Winneburg, LLC v. Calhoun County Board of Review*, 403 Ill. App. 3d 744, 747 (2010).

¶ 13         Section 23-10 of the Code states: "An objection to an assessment for any year shall not be allowed by the court *** if an administrative remedy was available by complaint to the board of appeals or board of review under Section 16-55 or Section 16-115, unless that remedy was exhausted prior to the filing of the tax objection complaint." 35 ILCS 200/23-10 (West 2010). "A failure to give any notice required by this Code shall not impair or affect the validity of any assessment as finally made." 35 ILCS 200/24-25 (West 2010). Additionally, "No error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." 35 ILCS 200/21-185 (West 2010).

¶ 14         Taxpayers argue that they are exempt from having to exhaust their administrative remedies due to defendant's failure to provide them with proper notice under section 12-30 of the Code. 35 ILCS 200/12-30 (West 2010). Section 12-30(a) requires that a notice "shall be mailed *** to each taxpayer whose assessment has been changed." *Id.* "The notice sent under this Section shall include *** [t]he previous year's assessed value after board of review equalization[;] *** [and] [c]urrent assessed value and the date of that valuation." 35 ILCS 200/12-30(b) (West 2010). Taxpayers' position is that the notice did not comply with these requirements since the previous year's assessed value was listed as $0 on the notice they received.

¶ 15         Taxpayers admit that an administrative remedy was available to them, but they argue the

-3-

notice they received was defective, exempting them from the requirement of exhausting administrative remedies.

¶ 16        Defendant points out that there are a number of statutory exceptions to the rule of exhaustion of administrative remedies. She then argues that since Taxpayers cannot avail themselves of any of these enumerated exceptions, the circuit court did not have jurisdiction. Taxpayers agree that they are not entitled to the possible statutory exceptions. However, Taxpayers respond that they are exempt from the requirement to exhaust administrative review for a reason not addressed by defendant. They rely on the case of *People v. Jennings*, 3 Ill. 2d 125 (1954). The *Jennings* court recognized a constitutional right to notice when property is assessed for taxation and held that the exhaustion of administrative remedies rule was inapplicable when a statutory provision requiring notice to taxpayers was not strictly complied with. *Id.* at 127-28, 130.

¶ 17        The issue in *Jennings* was whether a failure to publish the personal property assessments, as required by statute, invalidated the tax. *Id.* at 126. The court noted that in a previous case it had stated, " 'Every tax-payer, under the constitution and laws of this State, has a right to notice when his property is assessed for taxation, with an opportunity to be heard upon the justness of the taxation. To this end statutory provisions are made for such notice and hearing. These provisions are for the protection of the tax-payer, they are mandatory, they must be strictly complied with, and a disregard of them will render the tax illegal.' " *Id.* at 128 (quoting *Heidenway v. Harding*, 336 Ill. 606, 611 (1929)). The court went on to say that even though the legislature had provided that " 'no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof[ ]' (Ill. Rev. Stat. 1953, chap. 120, par. 716[ ])," the tax was invalid due to the failure to give notice. *Jennings*, 3 Ill. 2d at 129. The court explained that such an exception applied "only where there has been an attempt to comply with the law but the attempt is not effective on account of some informality or clerical error." *Id.* at 129.

¶ 18        Taxpayers argue that the previously assessed value should have been the assessed value of the original tract in the previous year, multiplied by the ratio of acres in the new property to the acres in the original property (163.61 ÷ 225.29 = .726; .726 × $240 = $174.24). In the alternative, Taxpayers argue that the notice should have had "N/A" listed as the previous year's assessment.

¶ 19        Defendant's position is that there was no previous year's assessed value; the property, having been split from a larger tract, was a new property that had no previously assessed value. In the alternative, defendant argues that even if the assessed value should have been computed as described by Taxpayers, the failure to include it is merely a clerical error.

¶ 20        We note that Taxpayers provide no authority for the proposed method of determining the previous assessed value. Such a simplistic view of property assessment is not realistic. When a property is subdivided, it may be that the value of the new properties will be in direct proportion to the new property's size as compared to the original property's size, but it surely is not in every case. Such a formula would ignore the reality that 90% of the value in a property may be found in only 10% of its area. The better view is that the new property

-4-

simply did not have a prior assessed value. It had never been assessed.

¶ 21 In regard to Taxpayers' alternative argument, we fail to see any difference between indicating the previous year's assessment was "$0" or "N/A." Either way, Taxpayers were put on notice that defendant believed the property in question had no previously assessed value. Defendant's decision to use either option is not an error; even if it were, it is at most a clerical error that does not deprive Taxpayers of notice and, therefore, does not excuse their failure to seek administrative remedies.

¶ 22 There is no error in the notice mailed to Taxpayers; they are not excused in failing to exhaust their administrative remedies. Their tax objection cannot proceed due to their failure to seek relief from the Board. 35 ILCS 200/23-10 (West 2010).

¶ 23 The requirement that Taxpayers exhaust their administrative remedies before filing a tax objection is jurisdictional. See *Winneburg*, 403 Ill. App. 3d at 751. Because we find Taxpayers were not exempt from seeking relief from the Board, the trial court lacked jurisdiction. *Id.* at 752. Since the trial court lacked jurisdiction, its judgment is void. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 531 (2001). Our authority is limited to vacating the trial court's judgment and dismissing this appeal. *People v. Flowers*, 208 Ill. 2d 291, 307 (2003); *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 431-32 (2005). We vacate the trial court's judgment.

¶ 24 Now, having found that the trial court had no jurisdiction–and after having vacated its order as void–we are left without jurisdiction to do anything else except dismiss this appeal. *Flowers*, 208 Ill. 2d at 307; *Winneburg*, 403 Ill. App. 3d at 752.

¶ 25                                        CONCLUSION

¶ 26 For the foregoing reasons, the judgment of the circuit court of Fulton County is vacated and this appeal is dismissed.

¶ 27 Judgment vacated and appeal dismissed.