**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200406-U

Order filed January 6, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY TREASURER AND *Ex officio* COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST REAL ESTATE RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES AND SPECIAL ASSESSMENTS FOR THE YEAR 2012 AND PRIOR YEARS | ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Grundy County, Illinois. |
| (Realtax Developers, Ltd., | ) ) | Appeal No.   3-20-0406 Circuit No.   2016-TX-36 |
|    Tax Deed Petitioner and Section 2-1401 Respondent-Appellee | ) ) ) | |
|    and | ) ) | |
| Regions Bank, as T/UT Agreement dated March 4, 1994, No. 90-P015-00, | ) ) ) | |
|    Section 2-1401 Respondent | ) ) | |
|    v. | ) ) | |
| MidFirst Bank, | ) ) | Honorable Robert C. Marsaglia, |
|    Section 2-1401 Petitioner-Appellant). | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.

Justices Lytton and Schmidt concurred in the judgment.

---

**ORDER**

¶ 1      *Held*:   Summary judgment in favor of a purchaser of delinquent real estate taxes in an action by a mortgage assignee for relief from the order directing the county clerk to issue the tax deed was upheld because the tax deed order was not void.

¶ 2      The petitioner, MidFirst Bank, the assignee of a mortgage on real property, appealed a circuit court order on cross-motions for summary judgment in favor of the respondent, Realtax Developers, Ltd. (Realtax), the purchaser of delinquent real estate taxes on the same property.

¶ 3      I. BACKGROUND

¶ 4      Beginning with the 2006 tax year, the Village of Minooka issued a special assessment on a single-family residence that Benjamin Rodriguez acquired by warranty deed in 2005. The special assessment was to be paid in annual assessments to the village, starting in 2007 and completing in 2034. The 2012 special assessment installment that was due on January 2, 2013, was not paid.

¶ 5      On October 31, 2013, the Grundy County treasurer, Marcy Miller, filed an application in the circuit court for a judgment and an order of sale for delinquent Grundy County 2012 real estate taxes. That case was assigned case No. 13-TX-29. The Grundy County filing consisted of an affidavit from Miller, a form judgment and order of sale to be signed by the court, a certification signed by the circuit clerk, and 15 pages listing delinquent tax assessments due to the county. Each line in the 15-page list related to a different parcel, noting the parcel's property index number (PIN), the amount of delinquent tax due, and whether it had been paid. Rodriguez's property, PIN 03-14-101-003, was not on that list. Also on October 31, 2013, also in case No. 13-TX-29, the treasurer/collector for the Village of Minooka, John Harrington, filed a seven-page list of properties with delinquent special assessments to the village and an affidavit indicating that the

2

list consisted of unpaid special assessments to the village and attesting that notice required by law had been given. Rodriguez's property, PIN 03-14-101-003, was on that list. Included in the filing was a certificate of publication issued by the Sun Times Media, Joliet-Herald News, certifying that the attached advertisement was published on October 15, 2013, although the advertisement was not filed at that time. The circuit court signed the Grundy County form judgment and order of sale on October 31, 2013.

¶ 6    On November 14, 2013, at the Grundy County Annual Tax Sale of the delinquent 2012 taxes, the delinquent 2012 Village of Minooka special assessment on Rodriguez's property was sold to Realtax. The Grundy County clerk issued a tax sale certificate of purchase. On June 21, 2016, Realtax filed the instant action, seeking a petition for a tax deed. Realtax began the process of serving the required Take Notices to all interested parties. On June 30, 2016, Realtax also filed a *lis pendens* notice.

¶ 7    Meanwhile, Rodriguez's mortgage on the subject property had been assigned to CitiMortgage and recorded in December 2014. Realtax served CitiMortgage with the Take Notice by certified mail on July 11, 2016. Thereafter, CitiMortgage assigned the mortgage to MidFirst Bank, an assignment that was recorded on August 9, 2016.

¶ 8    Neither CitiMortgage nor MidFirst Bank redeemed the delinquent special assessment due for the property and neither appeared at the December 14, 2016, hearing. On December 14, 2016, the circuit court entered an order directing the county clerk to issue a tax deed. Neither CitiMortgage nor MidFirst Bank filed any objection to the issuance of the order for a tax deed. The Grundy County clerk executed and delivered to Realtax a tax deed, which was recorded on March 3, 2017.

3

¶ 9    On December 8, 2017, MidFirst Bank filed a petition for relief from the judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)), arguing that the order granting Realtax a tax deed was void. MidFirst Bank and Realtax filed cross-motions for summary judgment. The circuit court denied MidFirst Bank's motion and granted Realtax's motion in an order dated December 16, 2019. The circuit court found that the tax sale proceedings were informal, but that the order of October 31, 2013, included the Village of Minooka delinquent special assessment taxes. The trial court denied MidFirst Bank's motion to reconsider, and MidFirst Bank appealed.

¶ 10                                    II. ANALYSIS

¶ 11    MidFirst Bank contends that the Grundy County collector did not properly apply for a judgment for the Village of Minooka special assessments because the Grundy County filing did not include the delinquent special assessments from Village of Minooka. Thus, MidFirst Bank argues, the October 31, 2013, judgment and order did not authorize the sale of the Village of Minooka special assessments. Absent the order authorizing the sale, the order directing the issuance of the tax deed was void. Realtax argues that Grundy County and Village of Minooka followed an informal process, but the Village of Minooka list was filed by the Grundy County collector with her affidavit and list of delinquent real estate taxes. Thus, the Village of Minooka list was included as part of the "foregoing" list referenced by the Grundy County collector in her application. We review *de novo* a lower court's ruling on cross-motions for summary judgment. *Hess v. Estate of Klamm*, 2020 IL 124649, ¶ 14.

¶ 12    "Real property shall not be sold for the nonpayment of taxes or special assessments without judicial proceedings." Ill. Const. 1970, art. IX, § 8(a). Tax sales for municipal special assessments

4

are conducted in accordance with the Property Tax Code (35 ILCS 200/21-110 *et seq.* (West 2016)), and the Illinois Municipal Code (65 ILCS 5/9-2-84 to 87 (West 2016)).

¶ 13 The Property Tax Code limits the grounds for vacating an order for tax deed to those set forth in section 22-45 of the Property Tax Code. 35 ILCS 200/22-45 (West 2016); *Application of County Treasurer (Congua)*, 92 Ill. 2d 400 (1982). MidFirst Bank does not allege that Realtax did not properly notify and serve all interested parties in this matter nor does it allege any of the statutory grounds for vacating the order for a tax deed. A void order, though, can be attacked at any time, and MidFirst Bank argues that judgment authorizing the tax sale entered in case No. 13-TX-29 on October 31, 2013, was void, which renders the order void for the tax deed.

¶ 14 When taxes are delinquent, the collector makes an application for a judgment for sale of the real estate for the delinquent taxes. Section 21-160 of the Property Tax Code provides that the collector "shall transcribe into a record prepared for that purpose, and known as the annual tax judgment, sale, redemption and forfeiture record, the list of delinquent properties." 35 ILCS 200/21-160 (West 2016). This record shall set forth, *inter alia*, the name of the owner, the description of the property, the year for which the tax is due, and the total amount of charges against the property. *Id.* For municipalities having populations less than 1,000,000, the collector of the municipality must submit a report to the county collector with a list of all property with delinquent special assessments or taxes. 65 ILCS 5/9-2-85 (West 2016). When the county collector receives the municipal reports, the county collector shall proceed to obtain judgment against those lots for the unpaid assessments or taxes in the same manner as it proceeds against delinquent property in the county, and should proceed in the same manner to sell the delinquent properties. *Id.* § 9-2-87. The taxpayer may file objections to the entry of a judgment and order of sale. 35 ILCS 200/21-175 (West 2016). If there are no objections, and after examining the delinquent list

and the judgment and sale record, the circuit court enters a judgment ordering the sale of those parcels found to be delinquent. *Id.* The form of the court order is provided by section 21-180 of the Property Tax Code. The property is then offered for tax sale pursuant to the judgment against it for taxes. *Id.* § 21-190.

¶ 15    According to the record, the collector for the Village of Minooka provided a report in the form provided by section 9-2-85 of the Illinois Municipal Code of the properties that had delinquent special assessments to the Grundy County collector, and the Grundy County collector proceeded in accordance with the Property Tax Code in applying for judgment against all of the delinquent properties. Thus, we find that the Village of Minooka special assessments were included in the "foregoing list" that the Grundy County collector referenced in seeking a judgment. Any errors or informalities in the process, such as the failure to physically attach the Village of Minooka affidavit and delinquent tax list to the Grundy County application and the failure to attach the advertisement that the Village of Minooka collector attested was published, did not invalidate the tax sale of the Village of Minooka special assessments. See 35 ILCS 200/21-185 (West 2016); *cf. People v. Jennings*, 3 Ill. 2d 125 (1954) (failure to publish was a valid objection to the tax where there was no attempt to comply with the law regarding publishing the list).

¶ 16    MidFirst Bank also argues that the trial court never acquired jurisdiction over the subject property for the delinquent special assessment on the basis that Village of Minooka's publication notice was insufficient. Realtax argues that the required tax information was properly published, so even if the failure to attach a copy of the published advertisement was in error, the judgment for tax sale was not void.

¶ 17    Tax deed proceedings are *in rem* in nature; a circuit court acquires jurisdiction after the county collector makes his application for judgment and order of sale. *In re Application of the*

6

*County Collector*, 2011 IL App (3d) 100181, ¶ 13. Jurisdiction over the land itself grants power to the court to act, and thus, any doubt about the fulfillment of the notice requirements goes to whether the court should order the tax deed issued, not whether the court has jurisdiction in the matter. *In re County Treasurer & Ex-Officio County Collector of Cook County*, 386 Ill. App. 3d 906, 909 (2008).

¶ 18        In order to collect the delinquent special assessment, the Village of Minooka collector was required to publish an advertisement meeting certain statutory requirements. 35 ILCS 200/21-110 (West 2016); 65 ILCS 5/9-2-84 (West 2016). Then, in making his report to the county collector, the Village of Minooka collector had to make an oath, *inter alia*, that he "published an advertisement in the manner prescribed by law, giving notice that an application will be made on the date specified therefor for judgment against all of those delinquent lands, town lots, and real property." 65 ILCS 5/9-2-85 (West 2016). In this case, the affidavit filed by Harrington, the Village of Minooka collector, contains this oath. Also, the Village of Minooka publication notice is in the record, and certifies that "the attached advertisements" were published in the Joliet Herald News on October 15, 2013. It is signed and notarized by the publisher's account manager. While a printed copy of the advertisement is not attached, a list of properties is attached. Included in Realtax's summary judgment materials is another certificate of the publisher, this one signed by the publisher, and a copy of the printed advertisement, which includes the subject property and property number. We conclude that the Village of Minooka collector complied with the publication requirement.

¶ 19        Since the tax deed sale was authorized, and there is no basis to find the order for the tax deed void, we find that the circuit court properly granted summary judgment in favor of Realtax and against MidFirst Bank.

¶ 20                                  CONCLUSION

¶ 21          The judgment of the circuit court of Grundy County is affirmed.

¶ 22          Affirmed.